## KING v. THE IOWA MIDLAND R. R. CO.

1. Ad quod damnum proceedings; RAILROAD RIGHT OF WAY. In a proceeding to appropriate land for the right of way of a railroad already constructed, evidence of damages resulting from defective construction, or the like, is not admissible. While such damages may furnish cause of action to recover the same in an action therefor, they are not to be considered in assessing the compensation to be allowed the owner for the right of way appropriated.

2. —— Nor, for the same reason, could the failure of the company for a time to erect cattle guards, and thus in a manner to throw plaintiff's farm open as a common, be considered in estimating damages in such a proceeding.

3. —— EVIDENCE OF VALUE OF LAND. In proving the value of the land, in a proceeding of this character, a witness cannot properly be asked to state at what price the right of way was purchased through adjoining tracts, unless it be first shown that thère is a uniformity in the character of the lands thus brought in question.

4. —— VIEW OF THE PREMISES BY JURY. The propriety of sending the jury to view real estate in controversy rests in the sound discretion of the trial court, and its action refusing so to do, will not be disturbed, where no abuse of such discretion appears.

*Appeal from Jackson Circuit Court.*

THURSDAY, JULY 25.

THIS is a proceeding, commenced, as the law requires, before the sheriff and a jury of the proper county, to assess the damages sustained by plaintiff, by reason of the location of defendant's railroad over his lands. The plaintiff appealed from the assessment made by the jury to the circuit court. Upon a trial in that court, a verdict and judgment was rendered in his favor for $800. Defendant appeals to this court.

The facts necessary for a proper understanding of the points ruled are found in the opinion.

*E. S. Baily* and *C. M. Dunbar* for the appellant.

*Frank Amos* for the appellee.

BECK, Ch. J. — I. Upon the trial the plaintiff, against the defendant's objection, was permitted to give evidence of the manner in which the railroad of defendant was constructed upon plaintiff's land, and to show that water falling upon the land appropriated was, by a ditch along the track of the railroad, conducted into plaintiff's field, and that on one occasion a quantity of hay and an acre of corn were destroyed thereby. The evidence was improperly admitted. Damages resulting from the negligent construction of the railroad and consequential injuries, such as were proved by the evidence just stated, are not to be considered in assessing the compensation to be allowed the owner of land appropriated for the use of a railroad. Such damages are recoverable, when sustained, in proper actions, but do not constitute an element of the value of the land, or of the compensation to be allowed the owner. It is very plain that such damages do not result from the appropriation of the land for the right of way by the railroad company, and it is not competent in a proceeding of this character to award compensation therefor. The owner is to be compensated for the damage he "will sustain by the appropriation of his land for the use of the railroad corporation" (Rev., § 1317), and not for negligent acts or the like committed after such appropriation. *Satin v. B. & M. P. Plank Road Co.*, 1 Iowa, 384; *Fleming v. The C. D. & M. Ry. Co.*, *ante*, 353.

*1. AD QUOD DAM-NUM PROCEEDINGS: railroad right of way.*

II. The circuit court recognized this view to be the law in an instruction to the jury, but in another instruction directed the jury to allow damage in a sum not exceeding the cost of preventing the overflow of plaintiff's lands by the water from the ditch, provided it would require therefor but a small expenditure of labor or money. A witness for defendant testified that the cost of preventing the water flowing on plaintiff's land would not exceed $5. Plaintiff's counsel insist that, conceding the damage con-

templated in this instruction cannot be recovered in this action, yet, under the evidence, the sum allowed could not exceed $5, and for such an error the judgment should not be disturbed. Did we know that the finding of the jury under the instruction was limited to $5, it probably could be fairly claimed that the judgment should be corrected in that amount and be permitted to stand. But we have no assurance from the record that this sum is a limit of the effect of the instruction, which, as we have seen, is clearly erroneous.

III. The plaintiff, against defendant's objection, was permitted to state that the construction of the railroad threw his farm open to the commons, though, in the same answer, he states that cattle-guards had been put in. An instruction given by the court to the jury, directed them to consider the fact, if they should so find, that plaintiff's farm "was thown open and left in a manner unfenced," in arriving at the depreciated value of land, to be determined in order to arrive at the true measure of damage.

The fact of the failure of the defendant, for a time, to erect cattle guards and thus "in a manner" to throw plaintiff's farm open as a common, could not be considered, in this proceeding, in estimating the compensation to which plaintiff is entitled for the appropriation of his land for the use of the railroad. By chapter 169, section 3, acts ninth general assembly, it is made the duty of railroad companies to construct proper "cattle guards" upon their roads whenever they run through improved or fenced land. A failure to comply with this request subjects the company to liability for damages resulting therefrom. For a breach of this duty imposed upon defendant, plaintiff may maintain an action, but damage resulting therefrom cannot increase the compensation to which he is entitled in this proceeding for the land appropriated by defendant. The

court erred in admitting the evidence and instructing the jury as stated.

The foregoing remarks will not be understood as applying to the failure of the defendant to erect fences along the line of its road, in connection with the fact that it may erect them at its option, but while omitting to do so, it is liable, under the statute for injuries sustained by the land owner resulting therefrom; nor will we be understood that these facts, if they in effect operate to depreciate the value of the land, may not be considered in proceedings of this character. Neither will the rule we have stated be considered as in disregard of the doctrines of *Henry* v. *The Dubuque & Pacific R. R. Co.*, 2 Iowa, 288 (306). The statute above cited was enacted after that case, and sufficiently accounts for any difference appearing in the principles of that decision and those above stated.

IV. The engineer and agent of the defendant testified that he had, for the company, purchased the right of way

3.—— evidence of value of lands. for the road from the owners of the tracts of land adjoining plaintiff's on the east and west, and from others owning lands in the vicinity over which the railroad was constructed. He was then asked, by defendant's counsel, to state at what price the purchase was made of the right of way through the adjoining tract on the east. Objection to the evidence sought to be elicited was sustained by the court. This ruling, in our opinion, was correct. It was not proposed to show, by the evidence, that the tracts were of like character—that the right of way over plaintiff's land was of the same value as the same right over the adjoining lands — or that it had a uniform or marketable value in that neighborhood. Without facts, before the jury, of this kind, tending to show that the proposed evidence would have a bearing upon the question of the true value of the property taken by defendant, the proof offered was irrelevant and incompetent, and for that reason properly excluded. Other reasons supporting the

same conclusion could be given. An authority is cited, by defendant's counsel (*Wyman* v. *Lexington & West Cambridge Railway Co.*, 13 Metc. 316), in support of the admissibility of the evidence. The decision is based upon the principle, that evidence of sales, by other parties, of tracts adjacent, would be competent to establish the value of lands in a case wherein the value is in issue. But, in such a case, the evidence is admissible only where it appears that there is a uniformity in the character of the lands thus brought in question with those made a criterion of their value; but, as before remarked, it was neither proposed nor attempted to be shown that, in this case, such uniformity existed.

V. During the progress of the trial, the defendant asked the court that the jury be permitted to have a view of the premises and property in controversy. Nothing appears in the record showing the ground of this request. The statute confers upon the court the power, whenever, in its opinion, the proceeding is proper, to direct that the jury be conducted in a body to real property in controversy, for the purpose of inspecting the same. But the exercise of this authority rests in the judgment and discretion of the court. It is not made to appear to us that the decision upon the request was not correct, or that the discretion of the court in this matter was abused. The ruling complained of is not a just ground of objection to the judgment of the court below.

*4. —— view of premises by jury.*

We have noticed, substantially, all the points made by appellant's counsel. For the error above pointed out, the judgment of the circuit court must be

Reversed.