Dreher v. I. S. W. R. Co.

REVERSED.

---

## DREHER v. I. S. W. R. Co.

1. **Railroads:** RIGHT OF WAY: EVIDENCE. In an action for compensation for land appropriated by a railway for right of way, evidence relating to the manner in which the railway affected the farm, how it affected a hog pasture and a stream of water and access thereto, the size of the stream, the value of the farm and of the farms in that neighborhood, the height of the grade and the depth of the ditches, etc., was properly admitted.

2. **Practice:** QUESTION TO JURY: DISCHARGE WITHOUT ANSWER. Where the court submitted to the jury, at the instance of the defendant a question, the answer to which could have determined nothing material to the case, and then discharged the jury against defendant's objection, without requiring them to answer the question, *held* no error to justify a new trial.

3. **Railways:** RIGHT OF WAY: INSTRUCTION. The court instructed the jury that they might "consider the fact that this strip of land is taken for the purpose of building and operating a railroad thereon, and any inconvenience, or apprehension of danger, if any, which may arise out of this peculiar use    *    *    *." *Held*, that the jury could not have been misled by the use of the term "apprehension," since the whole tenor of the instruction was to the effect that actual damages alone were to be allowed; and the small amount of the verdict in this case indicates that they were not misled.

*Appeal from Audubon Circuit Court.*

FRIDAY, OCTOBER 20.

THIS is a proceeding to ascertain the compensation to which the plaintiff is entitled by reason of the appropriation of part of his farm for right of way for defendant's railroad. There was a trial by jury, and a verdict and judgment for plaintiff for $100, and defendant appeals.

*J. L. Stotts, M. Nichols* and *J. M. & R. W. Griggs,* for appellant.

*Andrews & Armstrong,* for appellee.

ROTHROCK, J.—I.   The right of way contains three acres, and is taken off the east end of plaintiff's farm of eighty acres.   The railroad runs within about one hundred and fifty feet of the buildings on the farm.   The plaintiff claimed that he should be paid $300, and the defendant claimed that plaintiff should receive $70.   The verdict returned, and which was approved by the court, was $100, which, it appears to us, was very reasonable under the evidence. The defendant's theory was that plaintiff's farm was only diminished in value by reason of the right of way in a sum corresponding with the actual value of the three acres appropriated.   It appears to have been unwilling to allow plaintiff anything for the inconvenience resulting from the building of a railroad with its excavations and embankments along the whole east end of the farm and within one

hundred and fifty feet of the buildings, and allowing the plaintiff but the one crossing required by law.

Nearly all of the evidence offered by the plaintiff was objected to by the defendant, and the objections were overruled. These rulings are assigned as error. This evidence related to the manner in which the railroad affected the farm, and how it affected the hog pasture, and a stream of water and access thereto, the size of the stream, the value of the farm and of farms in that neighborhood, the height of the grade, and the depth of the ditches etc. It is scarcely necessay to say that this evidence of value, description, and location of the farm, and how it was affected by the taking of the right of way and building the road is strictly legitimate and proper.

*1. RAILROADS: right of way: evidence.*

Objection was made to a question put to the plaintiff as to what kind of crossing is left to cross from his farm into the road. We do not understand from the question, taken in connection with the answer thereto, that this evidence related to a defective crossing constructed by the defendant over its railroad. The railroad had not been completed when the trial was had. Something is said about a bridge in the answer to the question, and the witness appears to have been using a diagram of the premises in testifying, which renders the answer unintelligible.

II. The court submitted to the jury, at the instance of the defendant, the following questions: "what was the actual cash value per acre of the land taken by the defendant, at the time of the appropriation?" The court discharged the jury against defendant's objection without requiring an answer to the question. This action of the court is assigned as error. We think, taking this question standing alone, the refusal to require it to be answered should not lead to a reversal of the case. An answer to it would have determined nothing. It could not have controled the general verdict, because there are other elements of damages in cases of this kind than the mere

*2. PRACTICE: question to jury: discharge without answer.*

value of the land appropriated. In this view, the question was immaterial. If it had also been asked of the jury how much was allowed by them for injury to the remaining premises, there would have been some apparent object in submitting the question.

III. The court instructed the jury that they should take into consideration certain facts, "and every other matter shown in evidence bearing on the question of value." This instruction is claimed to be erroneous. As we have determined that all of the evidence bearing on the question of value was properly admitted, the instruction was correct.

IV. The court instructed the jury that they might "consider the fact that this strip of land is taken for the purpose of building and operating a railroad thereon, and any

**3. RAILROADS: right of way: instruction.**

inconvenience or apprehension of danger, if any, which may arise out of this peculiar use * *."

Objection is made to this instruction because it is said it authorizes the jury to consider remote, consequential, prospective, future, contingent and imaginary damages. The alleged error consists in the use of the word "apprehension," and it is said it is purely a matter of imagination. But taking this and the other instructions together, we incline to think that the court meant exposure to danger. The whole tenor of the instruction is to the effect that actual damages only are allowable. We do not think the jury could have been misled by the use of the word complained of, especially in view of the small amount of the verdict. That exposure of property to distruction by fire, or other dangers incident to the operation of a railroad, are legitimate subjects of consideration for what they are worth in cases of this character, see *Lance v. C. M. & St. P. R. R. Co.*, 57 Iowa, 636. We find no error in the record.

AFFIRMED.