Opinion by
White, P. J.

(Transferred from Austin. J

§ 365. Right of way; damages on condemnation of; evidence of damages; opinions of witnesses as to value of land; case stated. Appellant instituted proceedings in the county court to condemn a right of way across a tract of six hundred and five acres of land owned by appellee. Prior to the institution of the proceeding, appel•lant by its agents had entered upon this land and erected its poles for the full length of the distance across the tract. At the time this entry was made the land had been rented by appellee to one Scholl, who was in possession of and cultivating the same. The commissioners appointed by the court to assess the damages reported that said damages amounted to the sum of $24. Appellee filed exceptions to the report, and a protest, in which he claimed that the amount awarded him was inadequate, and he claimed that in addition to the damages for the right of way, he was entitled to further damages for the illegal entry and trespass upon the land, and the destruction and injury occasioned to his crops growing upon said land, by said trespass, before the same was condemned by legal proceedings. A trial was had in the. county court upon the exceptions and protest of appellee, which resulted in a verdict and judgment in his favor for $36 for the right of way, and $10 for damage to his crops. *319 It is claimed by appellant, that, on the trial, witnesses were allowed, over its objections, to give their opinions as to the damage done the land, without its appearing that they were experts; that appellee, also, was allowed to testify how much his whole tract was damaged, when only a portion of it was taken for the right of way. It was objected, further, that the opinions of witnesses, as allowed, could not be heard in proof of the damage to growing crops occasioned by taking possession of the right of way; and that appellee, the plaintiff, was not entitled to any damages done the growing crops for the trespass, if any, committed, because Scholl, his tenant, and not himself, if any one, was entitled to the same, and that the court erred in admitting such evidence over objections. It seems to be settled, that although the measure of damages sustained by one whose land is appropriated for railroad or other corporation purposes is the difference in its value immediately before the road was laid and after, yet evidence of all matters bearing upon the question of damages is admissible in determining their amount. [R. R. Co. v. Gearhart, 81 Penn. St. 260.] In Sherman v. R. R. Co., 29 Minn. 318, it was held that opinions of competent witnesses are admissible on the question of land damages, on proceedings to acquire a right of way. And in R. R. Co. v. Pugh, 55 Ind. 279, it was held, in determining the value of a strip of land taken for railroad purposes, that the opinions of witnesses are competent. The general rule in this state is, that the opinions of witnesses as to damages are not admissible. [W. & W. Con. Rep. § 1109; Abbott’s Tr. Ev. p. 310.] This general rule, however, is not applicable to cases of condemnation of land. In such cases Mr. Pierce states the law thus: “The opinions of witnesses, conversant with the value of the land taken, are admissible to prove such value; and where a part only is taken, to prove the value of the whole before the taking, and the Value of what remains after the taking. . . . Such witnesses are competent, not strictly as experts, having *320 peculiar skill or scientific attainments, but as persons having particular knowledge of facts in issue. They need not have been the owners, or even the buyers or sellers, of land, or have heard of sales directly from buyers or sellers; but it is only necessary that they should be acquainted with the property taken, and have acquired, in some way, information sufficient to qualify them to give an opinion. The test has been met in some cases by slight evidence, but at least some special opportunities for forming a judgment should appear. Whether the witness is qualified to give an opinion is a question largely within the judge presiding at the trial.” [Pierce on Railroads, p. 225.] In this case, besides the opinions of the alleged incompetent witnesses, there was other legitimate evidence fixing the damages, and the error, if any, in admitting their testimony, is immaterial.
§ 366. Damage to entire tract. As to the supposed error in admitting proof of damage to the whole tract, it was held in Dreher v. R. R. Co. 59 Iowa, 599, that in an action for damages in taking a right of way, evidence of how far the road affected the whole tract of which only a single strip was taken, was properly admitted. The court did not err in this regard.
§ 367. Telephone and telegraph companies; proceedings to condemn right of way by, same as in case of railroads. By our statute the proceedings to condemn the right of way in behalf of telegraph companies are the same as those provided in the case of railroads. [E. S. art. 623.]
§ 368. Owner of crop, and not the owner of the land, is entitled to recover for damage done to the crop. The court erred in allowing evidence to be introduced, and in rendering a judgment in favor of appellee for damages done to the growing crops upon the land at the time appellant entered thereon, before the condemnation proceedings. Scholl, the tenant, and not appellee, the landlord, owned the crops, and was entitled to the damage done thereto, if any. He was paying appellee a money rent for the land, and appellee’s interest in the *321 crops was only a contingent one, which would only exist in the event that the tenant failed to pay the rent, and until the happening of such contingency appellee could assert no claim or right to the crops. This is the only reversible error in the record, but the cause will not be remanded because of it. The judgment is reversed and here rendered in favor of appellee for the sum of $36, the amount awarded him for right of way, and for all costs, except the costs of this appeal, which are adjudged against him.
October 22, 1884.
Reversed and rendered.