Doud v. The Mason City & Ft. D. Ry. Co.

## DOUD v. THE MASON CITY & FT. DODGE RAILWAY COMPANY.

1. **Railroads:** RIGHT-OF-WAY DAMAGES : EVIDENCE OF COAL BENEATH. On an appeal from an assessment of damages for the right of way for a railroad; it is not error to admit evidence tending to show that the land in question contains beds of coal, where the jury is instructed that the mineral wealth beneath the surface belongs to the owner of the land, and should be considered by them only as it affected the market value of the land ; the rule in such cases being that damages are not to be estimated upon the basis of the present use of the land only, but that the value of the property for any purpose for which it is available may be considered. (See opinion for cases cited.)

2. ——— : ——— : EVIDENCE OF DAMAGE OUTSIDE RIGHT OF WAY. In such case, it is error to admit evidence of damages done to the land outside of the right of way appropriated. The proper remedy for such damages is an action for trespass. (See opinion for cases cited.)

3. ——— : ——— : DIFFERENT PORTIONS OF TRACT ADAPTED TO DIFFERENT USES. In such case, the defendant asked the court to instruct as follows : " If one portion of this land in question was adapted to one use, and another portion of the same to a different use, and only one of such portions is covered by the right of way of defendant, the portion not so crossed cannot be taken into consideration in determining the damages done to the land." The tract in question contained about forty-one acres, a part of which was bottom land, and a part high upland, but it did not appear that any division of it had been made or contemplated. *Held* that the instruction was properly refused. (*Haines v. St. Louis, Des M. & N. Ry. Co.*, 65 Iowa, 216, *distinguished.*)

*Appeal from Webster District Court.*—Hon. JOHN L. STEVENS, Judge.

FILED, DECEMBER 22, 1888.

PLAINTIFF appealed from the report of commissioners appointed to appraise the damages caused by the appropriation of land by defendant for right-of-way purposes. A jury trial was had in the district court,

which resulted in a verdict and judgment in favor of plaintiff for the sum of one thousand dollars. The defendant appeals.

A. N. Botsford, for appellant.

Theo. Hawley, for appellee.

ROBINSON, J.—Plaintiff is the owner of a tract of land containing about forty-one acres, which is situated near the town of Lehigh. Defendant has located and constructed a railway across a portion of this tract, and for that purpose appropriated nearly five acres for its right of way. The question involved in the case is the amount of damages to which plaintiff is entitled by reason of such appropriation.

I. Plaintiff was permitted to introduce evidence which tended to show that the land in question contains beds of coal. This was objected to by defendant, and its admission is assigned as error. It is insisted by appellant that it acquired but an easement in the land, without any right to coal which might lie below its surface ; that plaintiff's right to mine and remove the coal was not in any manner affected by the easement, and therefore that the evidence in question introduced an element of value which should not have been considered by the jury. We do not think this position is well taken. The evidence was introduced to show the true character of the land, and had direct relation to its value as an entirety. No attempt was made to show the separate value of the coal which underlay the right of way. The jury were instructed that the mineral beneath the surface belonged to the owner of the land, and that it could be considered by them only so far as it affected the market value of the land. We understand the well-established rule in proceedings of this character to be that the recovery of the property-owner is not limited to the damages which he would sustain if the property were to be used only for the purposes to which it is devoted when such proceedings are had, but that the value of the

1. RAILROADS:
right-of-way
damages:
evidence of
coal beneath.

property for any purpose for which it is available may be considered. *Boom Co. v. Patterson*, 98 U. S., 403; *In re Furman St.*, 17 Wend. 669; *Goodin v. Canal Co.*, 18 Ohio St. 169; *Young v. Harrison*, 17 Ga. 30; *Stinson v. Railway Co.*, 27 Minn. 284, 6 N. W. Rep. 786; *Montana Ry. Co. v. Warren*, (Montana) 12 Pac. Rep. 642; *Little Rock Junction Ry. Co. v. Woodruff*, (Ark.) 5 S. W. Rep. 792; *State v. Moore*, 12 Cal. 71. If the property in question had value as coal land, it was proper to show that fact. But it is said that there was no evidence that the coal would be affected by the building of the road. If that be true, then, under the charge of the court, no prejudice could have resulted to defendant from the evidence in controversy.

II. The right of way appropriated by defendant was one hundred feet in width. Plaintiff was permitted to show that his land outside the right of

2. ——: ——: *evidence of damage outside right of way.* way was entered upon by defendant, and soil removed in connection with the construction of the railway. In one place the soil was removed outside the right of way to a depth of four feet, and for a width, including the right of way, of two hundred and twenty-one feet. In ruling upon this evidence the court remarked that it "must be taken into consideration in estimating the difference in value before and after the building of the road." We think this was erroneous. The proceedings were brought to ascertain the damage caused to plaintiff by the taking of a right of way one hundred feet wide for railway purposes. The damages which can be considered in such a proceeding are those which will result from a proper use of the land appropriated in the construction and operation of the railway. *Miller v. Keokuk & Des M. Ry. Co.*, 63 Iowa, 685. Damages which result from an improper construction of the road cannot be considered in such proceeding. *King v. Iowa Midland Ry. Co.*, 34 Iowa, 458. If a railway company, in constructing its road, goes upon land outside its right of way, and removes therefrom earth or other

property belonging to another, it is a mere trespasser, and is liable as such. See *Waltemeyer v. Wis., I. & N. Ry. Co.*, 71 Iowa, 628.

It is claimed that the error in question was cured by the instructions, but we do not find this to be the case. It is true, the jury were told that it was the intention of the law to give the land-owners the value of the land actually taken, and in addition thereto the depreciation in value of his adjoining land by reason of the right of way, irrespective of benefits. Also that the railroad company acquired by proceedings of this nature the right to a strip of land one hundred feet in width to locate, build and operate therein its road, and that "such right extends no further than the right of location, construction and convenient use of its railway, and to take and remove and use any earth, stone, timber, etc., on or from the land so taken, which may be necessary for the purpose." But the evident intent of the paragraph in which the portion of the charge just quoted appears, was to explain the nature of the right acquired by the defendant; and the fact that it was a surface right only, and that it did not extend to mineral deposits below the surface was made especially prominent. The jury were also charged that it was their sole duty "to ascertain and assess the damages sustained by the plaintiff by reason of the location and construction of" the railway of defendant across the land in controversy. Also that in determining these damages they should first ascertain the fair market value of the premises before the location and construction of the road, and the like value after its location and construction, disregarding benefits. The evidence as to the amount of damages fixed it as the difference between the value of the land before the building of the road and after it was built. That difference necessarily included the damage caused by the removal of the soil from that portion of the land outside the right of way. The jury were not, in terms, told to disregard the damage last named, while some portions of the charge require them to allow for it. . The theory of the court

below seemed to be that plaintiff was entitled to recover in this proceeding all damages which resulted from the building of the road, whether the operations of the defendant were confined to the right of way or not. As already stated, we do not understand this to be the rule. It is usual for railway companies to secure their right of way in advance of the building of their road, and the law contemplates that this shall be done. The law fixes the amount of land which may be appropriated without the consent of the owner, and the railway company cannot rightfully use more. There would be no authority for assessing damages for an anticipated trespass before the construction of the road, and the damages contemplated by the law are the same whether assessed before or after the road is built, excepting that in the latter case interest may be allowed. *Daniels v. Chicago, I. & N. Ry. Co.*, 41 Iowa, 52. The rule for estimating the damages adopted by this court is " to ascertain the fair merchantable value of the premises over which the road passes, and the like value of the same premises in their condition after the right of way is taken, leaving out of view all the time any benefits resulting from the improvement." *Fleming v. Chicago, D. & M. Ry. Co.*, 34 Iowa, 357. Or, as stated in *Henry v. Dubuque & P. Ry. Co.*, 2 Iowa, 309, it " is to determine the fair marketable value of the premises before the right is set apart, and then again after, and the difference will be the true measure of damages," to which must be added the modification that benefits must be disregarded, required by the constitution of 1857. The safer and better rule is to confine the damages recoverable in proceedings of this kind to those which naturally result from the taking and rightful use of the right of way and the proper construction of the road, and to permit the land-owner to recover other damages to which he is entitled in an action brought therefor. It is in harmony with the law, as heretofore construed by this court, and will secure greater simplicity and certainty in proceeding of this character.

III. It appears that a portion of the tract in question is bottom-land, near the river, and that a portion is high upland. The court refused to give an instruction asked by defendant, as follows : "You are instructed that if one portion of this land in question was adapted to one use, and another portion of the same to a different use, and only one of such portions is covered by the right of way of defendant, the portion not so crossed cannot be taken into consideration in determining the damages done to the land." We think this instruction was rightly refused. It does not appear that any division of the land has been contemplated by plaintiff, nor that such a division is necessary. The land has been treated as an entirety, and, while different portions might be devoted with greatest advantage to different purposes, yet that has not been done, and plaintiff was entitled to have the entire tract considered in the assessment of damages. The facts in this case are materially different from those involved in the case of *Haines v. St. Louis, Des M. & N. Ry. Co.*, 65 Iowa, 216. For the error specified the judgment of the district court is

REVERSED.

*3. —— : ——: different portions of tract adapted to different uses.*