**Paul REICHLE, Appellee,**

v.

**George A. ZEMAN, Jr., doing business under the name and style of Ace Transfer and Storage Company, Appellant.**

**No. 55324.**

Supreme Court of Iowa.

Feb. 21, 1973.

Eldon L. Colton, Cedar Rapids, for appellant.

Robert C. Nelson, Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant appeals from judgment of trial judge denying defendant's counterclaim asserted as a set-off against plaintiff's $2000 unpaid check claim. Defendant's sole assigned error is the trial court's findings are not supported by substantial evidence. We affirm.

I. Our review is not de novo. Rule 334, Rules of Civil Procedure. Fact findings in a law action tried to the court have the effect of a jury verdict. We review the record in the light most favorable

to the judgment and if supported by substantial evidence and justified as a matter of law, it will not be disturbed on appeal. Rule 344(f) 1, R.C.P.; Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co., Iowa, 196 N.W.2d 533, 535; Weisbrod v. State of Iowa, Iowa, 193 N.W.2d 125, 127; In re Estate of Cory, Iowa, 184 N.W.2d 693, 695.

In 1962 plaintiff, defendant and defendant's wife operated a furniture sales company as a partnership in Cedar Rapids. They incorporated in 1963. Each was issued 10,000 shares of stock. On April 14, 1964 the corporation issued two checks totaling $1736.72 to the federal and state governments to cover income tax liability of plaintiff incurred prior to incorporation. At the same time the corporation issued two checks totaling $718.91 to pay defendant Zeman's income tax liability. These funds shortly before issuance of the checks had been held in a special bank account in the name of Mrs. Zeman. Plaintiff testified their source was rebate checks from finance company during the partnership and that the special account had been established because income tax was not being withheld. He denied any agreement to repay the amounts used to cover his income taxes.

On September 6, 1965, plaintiff Reichle sold his 10,000 shares in the corporation to the Zemans for $10,000. Nothing was mentioned of any claimed liability for the 1964 income tax payments. Plaintiff received payment by checks of 5000, 3000 and 2000 dollars. The first two were paid on the dates agreed to by the parties. When past due, payment of the $2000 check was refused by the Zemans. They claimed the 1964 transaction was a loan which they intended to enforce. Zeman so alleged in his counterclaim as a set-off against plaintiff's action on the $2000 check. Defendant's answer admitted the check had not been paid.

II. Defendant had the burden to prove the allegations of his counterclaim

by a preponderance of the evidence. Rule 344(f) 5, R.C.P. The findings of the trial judge included a finding defendant had not met his burden of proof. We find substantial evidence in the record to support this and other fact findings against defendant.

The trial court's judgment on plaintiff's $2000 claim and denial of defendant's counterclaim is affirmed.

Affirmed.