**Edwin HAMMER and Rachel Hammer, Appellants,**

v.

**COUNTY OF IDA, and the Board of Supervisors of Ida County, Iowa, Appellees.**

No. 2–56438.

Supreme Court of Iowa.

July 31, 1975.

Daniel D. Williamson, Ida Grove, and Michael McGrane, Mapleton, for appellants.

Richard F. Branco, County Atty., Ida Grove, for appellees.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

REES, Justice.

This is an appeal in eminent domain matter by the plaintiff landowners from a decision rendered in their favor in an appeal from a condemnation award.

Plaintiffs Edwin and Rachel Hammer were the owners of a farm premises of approximately 170 acres in area in Ida County. In August 1968 defendant Ida County, by and through its Board of Supervisors, initiated proceedings to condemn 4.008 acres of plaintiffs' farm premises for the purpose of relocating a county road. A condemnation commission, appointed under the provisions of chapter 472, The Code, 1966, assessed the damages to which plaintiffs were entitled for the land taken in the amount of $1086.50 and an additional sum of $329.91 for damages. Plaintiffs appealed the award to the district court, which after trial to the court without a jury, rendered judgment against the defendants in the amount of $1600.00. Plaintiffs now appeal here, claiming that amount is inadequate and fails to reflect the damages they sustained by reason of the condemnation.

The strip of land condemned by defendant extended north and south along the east edge of plaintiffs' farm. An east-west road running along the northerly border of plaintiffs' property intersected with the road relocated on the condemned land at a point approximately 150 feet east of a bridge spanning Battle Creek, a stream running through plaintiffs' land roughly parallel to the new north-south road.

Following the condemnation and in conjunction with the development of the relocated north-south road, a 150-foot stretch of the east-west road lying east of the Battle Creek bridge was elevated four feet to conform to the grade of the newly reconstructed north-south road. It was the plaintiffs' contention at trial that the elevation of the east-west road altered or changed the normal drainage pattern of Battle Creek on their property by causing surface water from the north to be diverted across land lying to the west of Battle Creek. Plaintiff Edwin Hammer testified he had straightened Battle Creek and constructed dikes on the stream in 1954 in an effort to restrict flooding from the north to that part of his land lying east of Battle Creek, but that the elevation of the east-west road created a barrier to the drainage pattern he had designed and caused flooding of the land west of the stream. Witnesses for the defendants disputed this testimony of plaintiff and testified erosion marks and drainage lines on the east-west road indicated surface water had crossed the road west of Battle Creek prior to 1968.

The following drawing illustrates the foregoing discussion. The drainage patterns indicated by the arrows are based on the testimony of plaintiff Edwin Hammer.

East West Road

Hammer Property

Battle Creek

NORTH ROAD

SOUTH ROAD

N W S E

▨ Bridge     X elevated portion of road

Shaded area represents land condemned

− − −> drainage pattern pre-1969

−−−−> drainage pattern after 1969

I. In these proceedings plaintiffs claim their land decreased in value from $600 to $550 per acre as a consequence of the condemnation. They attribute the claimed decrease in value to the increased potential for flooding of the land west of Battle Creek attributable, they claim, to the elevation of the east-west road east of the bridge spanning the creek. They assert the elevation of that road was a part of the reconstruction project contemplated for the north-south road at the time the 4.008-acre strip of land east of Battle Creek was condemned, and that trial court erred in failing to include in its condemnation award damages attributable to the new drainage pattern caused by changes on premises admittedly not condemned. Plaintiffs also contend trial court improperly considered the opinion of defendants' expert on the value of plaintiffs' property in determining just compensation for the land condemned. In their written brief and argument, and also in oral argument, counsel for defendants concede plaintiffs may be entitled in a separate action to damages for the decrease in value of their property allegedly caused by the elevation of the east-west road, but further contend those damages are not a proper subject for consideration in this action because they resulted from changes occurring on land not included in the con-

demnation nor connected with it in any way. Defendants find support for their position in the following conclusions of law (more accurately characterized as findings of fact) reached by the trial court:

"According to the evidence in this case, there was nothing shown that the raising of the grade of the east-west road was within the contemplation of the parties at the time of the condemnation.

\* \* \* \* \* \*

"There appears to be nothing in the record that the raise in grade of the east-west road was necessary for the construction of the north-south road. If it was necessary to have a raised approach to the new road, how much of the east-west road was to be raised for such an approach? \* \* \* If not, was the part necessary for such an approach the part that caused the change of flow of the water? The court concludes it cannot answer these questions from the evidence.

"If this case had been tried prior to the completion of the project, the plaintiffs would have been unable to show such damage.

" \* \* \* (I)t is the conclusion of the court that it should not consider damages caused by the change in grade of the east-west road, \* \* \* ."

■ II. Plaintiffs' appeal to the district court from the condemnation commission's award was tried as an ordinary proceedings. Section 472.21, The Code, 1966. Our review is accordingly on issues stated for review and not de novo. Findings of fact by the trial court are binding on us if supported by substantial evidence and in this case, where trial was to the court without a jury, have the effect of a special verdict. Rules 334, 344(f)(1), Rules of Civil Procedure. Generally, we view the evidence in its light most favorable to the judgment, whether contradicted or not; the findings of the trial court are to be broadly and liberally construed, rather than narrowly or technically, and in the case of ambigu-

ity they will be construed to uphold rather than defeat the judgment. *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 708 (Iowa 1973); *Reichle v. Zeman,* 204 N.W.2d 636, 637 (Iowa 1973); *Dobson v. Jewell,* 189 N.W.2d 547, 550 (Iowa 1971).

III. Section 472.14, The Code, 1966, provided in pertinent part as follows:

"The commissioners shall, at the time fixed in the aforesaid notices, view the land sought to be condemned and assess the damages which the owner will sustain *by reason of the appropriation.*" (italics added)

In reviewing appeals from condemnation proceedings, we have said:

"Damages are not limited to the value of the land taken, but include such damages as result proximately from the use for which it is taken, \* \* \* (i)n a general way it may be said that all matters, either present or future, that necessarily and proximately affect the market value of the tract by the appropriation and proper use *of the condemned portion for the purpose for which it is taken, may be considered in assessing damages. \* \* * (I)t is proper (in condemnation proceedings) to take into consideration the effect which the proper use of the *condemned strip* will have upon the residue of the tract from which it is taken \* \* \* ." (emphasis supplied)

*Kukkuk v. City of Des Moines,* 193 Iowa 444, 448–449, 187 N.W. 209, 211; *Kucheman et al. v. C. C. & D. Ry. Co.,* 46 Iowa 366; *Dreher v. I. S. W. R. R. Co.,* 59 Iowa 599, 13 N.W. 754; *Miller v. Keokuk & D. M. Ry. Co.,* 63 Iowa 680, 16 N.W. 567.

■ The damages to the real estate from which the condemned portion is taken for a public improvement when assessed, are assessed once and for all, and are conclusively presumed to include all damages, present and future, which may be sustained by the owner by reason of the proper use of the condemned portion for the purpose for which it is condemned. *Wheatley v. City of Fairfield,* 213 Iowa 1187, 1194, 240 N.W.

628, 632. See also *Lage v. Pottawattamie County*, 232 Iowa 944, 5 N.W.2d 161; *Wissmath Packing Co. v. Mississippi River Power Co.*, 179 Iowa 1309, 162 N.W. 846, L.R.A. 1917F, 790; *Hileman v. Chicago Great Western Ry. Co.*, 113 Iowa 591, 85 N.W. 800.

We elaborated somewhat on the general condemnation principles set out above in *Wilkes v. Iowa State Highway Comm'n*, 172 N.W.2d 790, 794 (Iowa 1969), and said, "condemnee's recovery * * * is not restricted to the value of the land taken, but he is entitled to have assessed all damages *as the taking occasioned* to the land as an entirety." (emphasis added). In the light of the foregoing we cannot subscribe to plaintiffs' contention the damages they sustained by reason of the flooding on the land west of Battle Creek proximately resulted from the use made (*i. e.,* the relocation of the road) on land condemned east of the stream. Plaintiffs attempted to demonstrate at trial that the elevation of the east-west road north and west of the condemned land caused the flooding.

In Nichols on Eminent Domain, Vol. 4A, § 14.21(1), we find:

"Where it has been possible to separate the element of damage to a remainder area due to use of the land taken from an owner, from the damage thereto due to the use for the same project of lands taken from other owners, it is generally held that consideration of the depreciation in value of the remainder is limited to such as is caused by the use of the land taken from the owner of the remainder area."

In *City of Crookston v. Erickson*, 244 Minn. 321, 69 N.W.2d 909, 913, the Minnesota Supreme Court, ruling on an appeal from a jury award of damages in proceedings to condemn land for use as a municipal sewage treatment and disposal plant, said:

"(T)he owner of the remainder area is not ordinarily entitled to recover for damages caused his remaining land by the taker's use of property acquired from adjoining landowners even though his and all property taken from others is used to further the same project."

We subscribe to the principle enunciated above, that an owner of a remainder area is not entitled to recover for damages caused by the taker's use of property acquired from adjoining landowners, and that such principle is broad enough to encompass a situation as we have in the instant case where an improvement was made by the governmental entity on land it already occupied and possessed.

In *Crookston, supra,* the Minnesota court formulated a rule for a situation in a condemnation appeal in which a partial taking constitutes an integral and inseparable part of a single use to which the land taken is put and to which other adjoining land is put. In such a situation "the owner is entitled to recover the full damage to his remaining property due to such public improvement, even though portions of the public improvement are located on land taken from surrounding owners." See *Crookston, supra,* 69 N.W.2d at 914. In the matter before us the work done on the east-west road and the alleged damage caused thereby is readily separable from the construction of the north-south road on the parcel taken by the condemnation proceedings.

Similarly, the California court, in *County Sanitation District v. Averill*, 8 Cal.App.2d 556, 47 P.2d 786, observed,

"An owner, whose land is being condemned in part, may not recover damages in the condemnation action to the remainder of his land caused by the manner in which the works are to be constructed or operated on the lands of others. The detriment for which he may recover compensation is that which will result from the operation of the works upon his land alone."

In Nichols on Eminent Domain, Vol. 4A, § 14.245(1), we find the rule stated that if damage for which recovery is sought is the result of improper, unlawful or negligent

construction or maintenance, recovery may not be had therefor in the [condemnation] proceedings. See pages 14.245–46. The owner is relegated in such case to a common-law action for damages.

This court has followed the same rule in a long line of cases. In *King v. Iowa Midland R. R. Co.*, 34 Iowa 458, the court held that in a proceedings to appropriate land for the right of way of a railroad already constructed, evidence of damages resulting from defective construction, or the like, is not admissible. At page 459, the court said,

"Such damages are recoverable, when sustained, in proper actions, but do not constitute an element of the value of the land, or the compensation to be allowed the owner."

In *Kukkuk v. City of Des Moines, supra,* at pages 212–213 of 187 N.W., we held that damages due to the improper construction of a street, or a trespass outside of the right of way, could not be considered as elements of damage in a condemnation proceedings, and said of plaintiff's claim for loss of lateral support:

"It presents the simple case of the taking of property for the original establishment of a street, and if, from the topography of the property, it is obvious and apparent that the proper use of the condemned strip for a street will necessarily result in the removal of lateral support from the remaining property of the appellee, and necessarily cause injury thereto, then, * * * [it is] * * * a proper matter to consider in estimating damages for said original taking."

On the authority of *Kukkuk,* it would have been a different case indeed had plaintiffs been able to attribute losses sustained by reason of the flooding on their land to the relocation of the north-south road on the 4.008 acres condemned, the relocation of the north-south road being the purpose for which the condemend land was taken, and damages resulting from that project would properly figure in any award. See *Beers v. Gilmore City,* 197 Iowa 7, 196 N.W. 602.

Plaintiff here would have had trial court, and would now have us, consider damages occasioned by the use made of land not within the condemned acreage in arriving at a just condemnation award.

Further support for the proposition that damages arising from negligent or improper construction or operation of public works are not elements to be considered in fixing the proper value of land condemned is found in *Bracken v. City of Albia,* 194 Iowa 596, 189 N.W. 972; *Doud v. Mason City & Ft. Dodge Ry. Co.,* 76 Iowa 438, 41 N.W. 65; *Miller v. Keokuk & D. M. Ry. Co.,* 63 Iowa 680, 16 N.W. 567; *Guinn v. Iowa & St. L. R. Co.,* 125 Iowa 301, 101 N.W. 94.

■■ In light of defendants' concession plaintiffs may be able to obtain relief for the claimed damages, we note we have said mandamus will lie to compel condemnation proceedings where there has been a taking of private property for public use within the constitutional sense without compensating the owners. Where a condemning authority did not acquire the rights to property taken later, the proper remedy may be by mandamus to compel further condemnation. *Mapes v. Madison County,* 252 Iowa 395, 398, 107 N.W.2d 62, 65–66; *Dawson v. McKinnon,* 226 Iowa 756, 770, 285 N.W. 258, 265; *Baird v. Johnston,* 230 Iowa 161, 164, 297 N.W. 315, 316; *Anderlik v. Iowa State Highway Commission,* 240 Iowa 919, 925–926, 38 N.W.2d 605, 609; *Rhodes v. Iowa State Highway Commission,* 250 Iowa 416, 419–420, 94 N.W.2d 97, 100.

In *Mapes, supra,* a sheriff's jury awarded plaintiffs $825 for a tract of 1.88 acres condemned by the county for widening a county road into a farm-to-market road which was located at the corner of plaintiffs' farm. Plaintiffs did not appeal the award. After the widening of the road was completed and the grade had been raised 14.5 feet, plaintiffs brought a mandamus action against the county for condemnation, claiming damages for various reasons including loss of lateral support. We affirmed the trial court's ruling that a writ of

mandamus issue for condemnation in favor of plaintiffs to compensate for the destruction of lateral support, and at page 400 of 252 Iowa, at page 65 of 107 N.W.2d said:

"When the damage to the property owner arises by reason of defects or negligence in connection with the building of a new road, the damage suffered by the property owner is not included in the original condemnation allowance. Such damage was not within the contemplation of the sheriff's jury. The property owner and the jury at the time of fixing the condemnation allowance had a right to assume that the road improvement would be performed correctly and in accordance with the engineer's plans and specifications.

" * * *

The principle is well stated in 18 Am. Jur., *supra*:

" 'Where, however, there is a loss that neither party had any reason to anticipate, and the possibility of which, if suggested, would have been rejected as speculative and conjectural in the condemnation proceedings, it has been held that such loss may be compensated in damages in a subsequent action.' "

We followed our pronouncement in *Mapes* in *Phelps v. Board of Supervisors of County of Muscatine,* 211 N.W.2d 274 (Iowa 1973) and *Lage v. Pottawattamie County, supra.* We have also said that in appropriate cases where a public improvement has been improperly designed or executed, the continued operation of the same may be enjoined. See *Rosendahl Levy v. Iowa State Highway Commission,* 171 N.W.2d 530 (Iowa 1969); *Hoover v. State Highway Commission,* 207 Iowa 56, 222 N.W. 438.

Under the facts of this case, and in its present posture, it being an appeal from a judgment fixing damages for condemnation, the position of the plaintiffs is not tenable, and is contrary to well accepted principles of condemnation law. Trial court was correct in considering only damages occasioned by the use made of the condemned land in fixing plaintiffs' award.

IV. We next consider plaintiffs' contention the value testimony of defendants' witness Clifford Jones should not have been considered by the trial court in determining just compensation for the land condemned. Plaintiffs assert Jones' appraisal, made four years after the condemnation, was too remote in time.

Jones testified his valuation opinion was based on the condition and quality of plaintiffs' land and upon consideration of sales of comparable property.

Trial courts are permitted a wide latitude of discretion in admitting opinions of valuation witnesses in appeals from condemnation awards. *Hall v. West Des Moines,* 245 Iowa 458, 62 N.W.2d 734; *Hayes v. Chicago, R. I. & P. Ry. Co.,* 239 Iowa 149, 154, 30 N.W.2d 743, 746. In *Nedrow v. Michigan-Wisconsin Pipe Line Co.,* 245 Iowa 763, 61 N.W.2d 687, 693, we held opinion testimony made on an appraisal five years after condemnation was admissible, especially where there has been no claim substantial improvements have been made, or no significant change has occurred in the character of the land since the date of the condemnation. The four-year lapse between condemnation and the valuation placed thereon by the witness Jones would not seem to render his testimony inadmissible. Trial court acted within a proper latitude of discretion in considering that opinion in determining damages sustained by plaintiffs.

Plaintiffs were unable to relate the damages they claim here to any use made of the land actually condemned. Trial court was therefore correct in its conclusions of law, and as we find no error, must be affirmed.

Affirmed.