**TOM RILEY LAW FIRM, P.C. a/k/a Tom Riley Law Firm, a Professional Corporation n/k/a Tom Riley, a Professional Corporation; Tom Riley Law Firm, P.L.C.; Sara Riley Brown; and Tom Riley, Appellees,**

v.

**Milo GLASS and Jerolene Glass, Appellants.**

**Milo Glass and Jerolene Glass, Appellants,**

v.

**Tom Riley Law Firm, P.C. a/k/a Tom Riley Law Firm, a Professional Corporation n/k/a Tom Riley, a Professional Corporation; Tom Riley Law Firm, P.L.C.; Sara Riley Brown; and Tom Riley, Appellees.**

No. 99–0204.

Supreme Court of Iowa.

Dec. 20, 2000.

Timothy S. White and William G. Nicholson of White & Johnson, P.C., Cedar Rapids, for appellants.

David J. Dutton, James R. Hellman, and Carolyn A. Rafferty of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellees.

LARSON, Justice.

The plaintiffs, a law firm and two of its members, whom we will refer to as "Riley," sued the defendants, Milo and Jerolene Glass, for legal fees arising out of Riley's representation of the Glasses in a 1993–94 condemnation proceeding. The defendants counterclaimed against Riley for legal malpractice, claiming Riley caused them to receive less than they were entitled to in the condemnation proceeding by negligently failing to serve notice of appeal of the condemnation commission award to the necessary parties. The matter proceeded to a jury trial. Following the trial, the district court entered judgment in favor of Riley, allowing its claim for attorney fees and denying the defendants' claim of legal malpractice. The defendants appealed, and we now affirm.

## I. *Facts and Prior Proceedings.*

In 1983 the Iowa Department of Transportation (DOT) condemned a portion of the Glasses' property in conjunction with a plan to alter Highway 22 in Muscatine County. The condemnation was to prevent massive landslides that the DOT feared would cover the highway. The Glasses contested the amount of compensation awarded for the condemnation and petitioned for review in district court. The amount of land taken was increased because, after construction began, unexpected difficulties were encountered in stabilizing the roadway. After the taking was increased, the Glasses filed an amended petition, which specifically referred to the loss of lateral support due to the condemnation and raised their damage demand substantially. The Glasses' appeal of the 1984 condemnation award went to trial before a jury, and a general verdict was returned in favor of the Glasses for $167,000. The verdict did not identify whether anything was awarded for the loss of lateral support. We will refer to this as the first condemnation proceeding.

With the historic rains of 1993, the area had substantial movement of rock and soil

onto Highway 22, and by September 1993 a new road project was being discussed. The Glasses anticipated a possible dispute with the DOT and met with Riley on September 8, 1993, to discuss the possibility of a new condemnation proceeding. The original agreement was for Riley to represent the Glasses for an hourly fee, but this was later changed to a contingency fee of one-third.

The second condemnation proceeding began in 1993. The DOT had the property appraised and subsequently offered the Glasses $293,500. The Glasses refused the offer and the compensation commission met in August 1994 to consider the award. Riley represented the Glasses before the commission. The commission awarded the Glasses a total of $380,000. The Glasses felt this amount was insufficient, and Riley prepared an appeal petition, seeking $1.6 million in compensation. Although the appeal was prepared and filed in a timely manner, Riley failed to serve notice of the appeal on all necessary parties. Riley admits this was negligence. Based on this failure to serve notice, the DOT successfully moved to dismiss the appeal.

Riley filed the present case on February 12, 1997, to recover fees for the legal representation of the Glasses in the second condemnation case. The Glasses answered the petition and counterclaimed for damages based on Riley's negligence. A jury verdict was returned on December 7, 1998, awarding Riley $28,833 on its claim for attorney fees and denying any recovery to the Glasses on their legal malpractice claim.

## II. *The Issues.*

The defendants assign three errors: (1) the court's instruction to the jury that damages for loss of lateral support could not duplicate a similar recovery in the 1985 condemnation, (2) Riley's recovery of attorney fees in view of its admitted negligence, and (3) the court's admission of hearsay evidence. ·

A. *The court's instruction.* The court's instruction No. 28 stated:

The damages to the real estate from which the condemned portion is taken for a public improvement when assessed, are assessed once and for all, and are conclusively presumed to include all damages, present and future, which may be sustained by the owner by reason of the proper use of the condemned portion for the purpose for which it is condemned. If you find that the Glasses were entitled to or were awarded damages for loss of lateral support to their property in the 1985 condemnation verdict, the Glasses are not entitled to damages resulting from the same loss of lateral support to their property in this case, subject to Instruction No. 29.

Much of the language of this instruction comes from the case of *Hammer v. County of Ida*, 231 N.W.2d 896, 900 (Iowa 1975). The Glasses claim the language of the instruction, "If you find that the Glasses were *entitled to or were* awarded damages for loss of lateral support to their property in the 1985 condemnation verdict," erroneously submitted the concept of issue preclusion, a legal matter, to the jury.

■ Riley contends Instruction No. 28 did not embody principles of issue preclusion but simply stated a general principle of condemnation law that compensation cannot be received twice for the same element of damage—here, the loss of lateral support. Our law presumes that damages in a condemnation case

include all damages, present and future, which may be sustained by the owner by reason of the proper use of the condemned portion for the purpose for which it is condemned.

*Hammer*, 231 N.W.2d at 900.

■ While we tend to agree with Riley that Instruction No. 28 embodied the principle that double recovery is not allowed and was not an attempt to shift to the jury the application of issue-preclusion principles, it is not necessary to decide that

question. This is so because, under the jury's findings, all of the damages to which the Glasses were entitled for the second taking, including the loss of lateral support, were included in the 1994 compensation commission award.

The basis of the Glasses' malpractice suit is that Riley's negligence in failing to appeal the compensation commission award resulted in their losing compensation to which they were entitled. Specifically, they claim they are entitled to an award for the loss of lateral support of their land adjacent to the DOT project. They claim this was a loss for which they had not been compensated in the 1984 condemnation proceedings, and Riley's negligence in the 1994 proceeding prevented them from recovering for it in that proceeding. Riley responds that the jury found the Glasses were not entitled to any damages in excess of the $380,000 awarded to them by the commission. A special interrogatory asked the jury to

[i]nsert the amount you find to be the difference between the fair and reasonable market value of the property before the taking on August 18, 1994, and the fair and reasonable market value of the Glasses' remaining portion after the taking which is in excess of the $380,000 awarded by the Muscatine County Compensation Commission.

The jury answered "$0.00." Under this finding, a perfected appeal to the district court of the compensation commission award of $380,000 would have been fruitless, so Riley's negligence in failing to perfect the appeal caused no damage to the Glasses. We therefore affirm the court's judgment in favor of Riley on the counterclaim for legal malpractice.

B. *The claim for attorney fees.* Riley's suit was filed to force the Glasses to pay the contingent fee on which they had agreed: one-third of the difference between the amount offered by the DOT ($293,500) and the amount awarded by the compensation commission ($380,000). The jury found for Riley on this issue and awarded

attorney fees of $28,833. The Glasses argue this was improper because Riley was negligent in failing to perfect the appeal. As a matter of law, they contend, an attorney is not entitled to compensation for negligent services rendered. They rely on *Crookham v. Riley,* 584 N.W.2d 258 (Iowa 1998), in which we said

an attorney should not be permitted to recover fees for legal services performed negligently *that cause substantial damage to the client.*

*Id.* at 269 (emphasis added). Here, Riley's negligence did not cause damage to the Glasses. In fact, Riley's services resulted in a recovery of all damages to which the Glasses were entitled, according to the jury's findings. Riley's judgment for attorney fees is therefore affirmed.

■ C. *The hearsay issue.* Glasses contend that the court erroneously admitted a hearsay statement by an attorney who had previously represented them. A written statement by the Glasses' former attorney, made to the court in the first condemnation proceeding as a part of an application to award legal fees to the Glasses in that proceeding, was introduced into evidence in the present trial:

During the course of my representation of the Plaintiffs, the embankment continued to have landslides. My research uncovered the fact that an extension of the fault that runs through New Madrid, Missouri extends through the edge of the Glass property. [The research revealed] [t]hat the instability of the soil was due to the fault and that the Iowa Department of Transportation had not taken the fault into consideration in making their plans to cut into the hill.

The Glasses objected to this statement on the basis it was hearsay. Counsel for Riley responded that the document was "part of the court file," and the trial court admitted it on that basis. Glasses complain that the fee statement mentioned the lateral-support problem and would tend to lend credence to Riley's claim that the

right to lateral support was litigated in the first condemnation proceeding and therefore could not have been recovered in the second proceeding.

We believe the problem with the Glasses' hearsay argument is that admission of the evidence could not reasonably be construed to be prejudicial. The presence of a fault causing landslides on the Glass property was evident in the record. In fact, experts testified to that fact. The attorney-fee statement is merely cumulative and therefore not prejudicial. *See* *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998).

We find no merit in any of the arguments presented by the Glasses and therefore affirm.

**AFFIRMED.**