Merlin ARENDS, Mary Arends, David Carlson, Leeann Carlson, Dorrel Doolittle, Barbara Doolittle, Brad L. Johnson, Donna Johnson, Donald P. Johnson, Jean Johnson, Robert D. Olson, Katherine M. Olson, Jesse B. Overland, Margaret Overland, Gary M. Puls, Paula J. Puls, Richard Thorson, Rebecca S. Thorson, James Thorson, Joyce Thorson, and John H.E. Tibben, Appellants,

and

Andrew G. Alfseike, Barbara Alfseike, Harold Bickelhaupt, Roxanne Bickelhaupt, Clyde Cole, Rebecca Cole, Dale Hughes, Andrew C. Miller, Lois Miller, Ann Pellegreno, Jack Riedemann, Dorothy Riedemann, John Rose, and Sheila Sue Rose, Plaintiffs,

v.

IOWA SELECT FARMS, L.P. and Iowa Select Farms, Inc., Appellees.

No. 95–1722.

Supreme Court of Iowa.

Dec. 18, 1996.

James L. Sayre of James L. Sayre, P.C., Des Moines, for appellants.

Steven P. Wandro, Douglas E. Gross, and Sean P. Moore of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum & Walker, P.L.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The question here is whether twenty-one of thirty-five plaintiffs should be allowed to continue in this suit against a hog confinement facility. The merits of that suit are not at issue in the present appeal. The twenty-one plaintiffs-appellants challenge a trial court ruling that dismissed them from the suit for failing to secure the mandatory mediation release required by Iowa Code section 654B.8 (1995). We reverse and remand.

The plaintiffs are owners and occupiers of land in the proximity of a hog finishing operation owned by the defendants, Iowa Select Farms, L.P., and Iowa Select Farms, Inc. (Iowa Select). The plaintiffs claim the operation is a nuisance.

In August 1994 the plaintiffs filed a request with the Iowa Mediation Service (the service) for mediation concerning the hog finishing site. Fourteen plaintiffs personally attended the scheduled mediation on September 26. Twenty-one other plaintiffs, although represented by counsel, did not personally attend. The twenty-one plaintiffs who were not present did not give their lawyer an express power of attorney to negotiate a mediated settlement. In October 1994 the service issued a mediation release to the fourteen plaintiffs who did attend determining that the parties could not reach an agreement. Although plaintiffs' counsel requested releases for the remaining plaintiffs, the service refused to issue them.

In March 1995 all thirty-five plaintiffs filed a petition against Iowa Select raising various claims, including nuisance and negligence, stemming from the hog finishing operation.

The defendants moved for summary judgment seeking to dismiss the claims of the twenty-one plaintiffs who had failed to obtain releases. The district court granted the motion after determining the mediation provisions of Iowa Code chapter 654B applied to business entities such as the defendants and that Iowa Code section 654B.8(2) requires a party to personally attend a mediation proceeding in order to obtain a mediation release. The twenty-one dismissed plaintiffs have appealed.

I. When reviewing a summary judgment ruling, the question is whether a genuine issue of material fact exists and if the law was correctly applied. *Whalen v. Connelly,* 545 N.W.2d 284, 290 (Iowa 1996). Because in this case the material facts are undisputed and the only dispute concerns the legal consequences flowing from those facts, we are to determine only whether the district court correctly applied the law. *City of West Branch v. Miller,* 546 N.W.2d 598, 600 (Iowa 1996).

In interpreting a statute we apply certain well-settled rules. Statutory interpretation is a question of law for this court to deter-

mine. *American Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990). The ultimate goal of statutory interpretation is to give effect to the intent of the legislature. *Citizens' Aide/Ombudsman v. Miller,* 543 N.W.2d 899, 902 (Iowa 1996). We are guided by what the legislature actually said, rather than that which it might or should have said. Iowa R.App. P. 14(f)(13). To determine legislative intent, we consider not only the language of the statute, but also its subject matter, its object, purpose to be served, underlying policies, remedies provided, and consequences of various interpretations. *United Fire & Cas. Co. v. Acker,* 541 N.W.2d 517, 519 (Iowa 1995). We may refer to prior decisions, similar statutes, dictionary definitions, and common usage in interpreting a statute. *State v. Kellogg,* 542 N.W.2d 514, 516 (Iowa 1996).

Iowa Code sections 657.10 and 654B.3 require a party to obtain a mediation release prior to initiating a civil proceeding claiming a nuisance against an entity that is covered by the statutes. Section 657.10 states:

Notwithstanding this chapter, a person, required under chapter 654B to participate in mediation, shall not begin a proceeding subject to this chapter until the person receives a mediation release under section 654B.8, or until the court determines after notice and hearing that one of the following applies:

1. The time delay required for the mediation would cause the person to suffer irreparable harm.

2. The dispute involves a claim which should be resolved as a class action.

Neither of the two exceptions listed in section 657.10(1) or (2) apply to this case. Section 654B.3 provides in part:

1. A person who is a farm resident, or other party, desiring to initiate a civil proceeding to resolve a dispute, shall file a request for mediation with the farm media-

tion service. The person shall not begin the proceeding until the person receives a mediation release, or until the court determines after notice and hearing that one of the following applies:

*a.* The time delay required for the mediation would cause the person to suffer irreparable harm.

*b.* The dispute involves a claim which has been brought as a class action.

Neither of the two exceptions listed in 654B.3(1)(*a*) or (*b*) apply to this case either. So if, as the trial court ruled, chapter 654B applies in this case, the dismissed plaintiffs could not bring the nuisance action without first obtaining mediation releases.

■ II. We have little hesitancy in rejecting plaintiffs' first assignment. They first contend the mediation release requirement does not apply in this case because the defendants are not natural persons but are instead business entities. The argument is based on a strained reading of the language of Code chapter 654B. The contention is that, according to the definition of "dispute" in Code section 654B.1(2), there are two parties in a dispute covered by the chapter: the "farm resident" and "another person."[1] The plaintiffs then assert they are the "farm resident" because each of them is "a person holding an interest in farmland" that "manages farming operations on the land" and thus qualify under the definition of a farm resident for the chapter. *See* Iowa Code § 654B.1(5). They argue it follows that the defendants must be the "another person" in the dispute definition in Code section 654B.1(2). Unlike a farm resident, "another person" is not defined in chapter 654B. Therefore, the argument goes, the term "another person" must be strictly construed to include only natural persons and not business entities. This must be done to conform with the general rule that statutes that take away a common-law right should be strictly con-

---

1. Iowa Code § 654B.1(2) states:

    *"Dispute"* means a controversy between a person who is a farm resident and another person, which arises from a claim eligible to be resolved in a civil proceeding in law or equity, if the claim relates to either of the following:

    . . . .

    *b.* An action of one person which is alleged to be a nuisance interfering with the enjoyment of the other person.

strued. *See Ford v. Venard,* 340 N.W.2d 270, 273 (Iowa 1983).

It is important to plaintiffs' argument that each qualifies as the "farm resident" and by contrast Iowa Select is "another person" under the statute's dispute definition. "Farm resident" is defined to include "a natural person, or any *corporation,* trust, or *limited partnership* as defined in section 9H.1." Iowa Code § 654B.1(5) (emphasis added). The two defendants, Iowa Select Farms, L.P., and Iowa Select Farms, Inc., would both qualify under the statute if they were the "farm resident."

■ We think Iowa Select qualifies as another person under chapter 654B. Although a "person" is not defined in the chapter, it is defined in Iowa Code section 4.1(20) as follows:

Unless otherwise provided by law, *"person"* means individual, corporation, limited liability company, government or government subdivision or agency, business trust, estate, trust, partnership or association, or any other legal entity.

Because chapter 654B does not provide a different definition for "person," the term is not "otherwise provided by law." It follows that the term "another person" in section 654B.1(2) should be interpreted to include business entities like Iowa Select.[2]

III. We do find merit in plaintiffs' second assignment. It challenges a trial court ruling that these plaintiffs did not comply with the mediation requirements in Code chapter 654B. The district court ruled that to comply a party must personally attend the mediation meeting or else provide a representative with a power of attorney authorizing the attorney in fact to negotiate a settlement. Plaintiffs' counsel did not have such a power of attorney.

Iowa Code section 654B.4(3) provides:

At the [mediation] meeting, a party to the dispute may be represented by counsel or appear with a consultant to assist the party in mediation.

This section is susceptible of two reasonable interpretations.

One interpretation, argued by Iowa Select, is that it only means a party "may be represented by counsel ... to assist the party in mediation." Under this interpretation the language of the section providing "or appear with a consultant" is read as giving the party an option to bring either "counsel" or a "consultant" to the mediation, but either are there only to "assist the party." So under this interpretation a party has two options: (1) personally attend; or (2) personally attend with counsel or consultant.

A second interpretation, the one argued by plaintiffs, is that the section means a party may be represented by counsel. Under this interpretation the language of the section providing "or appear with a consultant to assist the party in mediation" is read as one option for the party. The other option is to be "represented by counsel." Under this interpretation the party to the dispute has three options: (1) personally attend; (2) be represented by counsel and *not* personally attend; or (3) personally attend with a consultant to assist the party.

We think the issue is resolved when the statute is read together with a companion provision. Iowa Code section 654B.8(2)(*a*) provides: "A party to a dispute may be *represented by another person,* if the person participates in mediation and has authority to discuss the dispute on behalf of the party being represented." (Emphasis added.) Iowa Select would have the words "represented by another person" mean "accompanied by another person." We cannot so read them.

"Participate" is defined in Code section 654B.1(9) as "attending a mediation meeting,

---

**2.** We do not subscribe to plaintiffs' argument that Code chapter 654B takes away a common-law right from the dismissed plaintiffs, requiring a strict construction that would include only natural persons. Chapter 654B merely requires parties to participate in one mediation meeting prior to initiating legal proceedings. *See* Iowa Code § 654B.8(2)(*a*) ("The mediator shall issue

a mediation release unless the other party desiring to initiate a civil proceeding to resolve the dispute fails to participate in at least one mediation meeting."). The chapter therefore does not take away a person's right to bring suit, it merely requires a mediation release prior to doing so. We see no loss of a common-law right.

and having knowledge about and discussing issues concerning a subject relating to a dispute." Thus to meet the requirement of participating a representative must: (1) attend the meeting; (2) have knowledge about the issues concerning the dispute; and (3) discuss the issues being mediated.

Thus there are four requirements of section 654B.8(2)(a) for a person to represent a party at a mediation meeting: (1) attend the mediation meeting; (2) have knowledge about the issues concerning the dispute; (3) discuss the issues being mediated; and (4) have authority to discuss the dispute being mediated from the party being represented.

This fourth requirement of section 654B.8(2)(a) only requires a person to have authority to *discuss* the dispute on behalf of the party being represented. The statute does not require a person to have authority to settle or resolve the dispute, a point acknowledged in the regulations promulgated by the attorney general to implement chapter 654B. Iowa administrative code rule 61—17.34 (1991) provides that a party may be represented by another person if the representative "participates in mediation and has authority to *discuss* the issues." (Emphasis added.)

We see additional support for this view in section 654B.8(2)(a). It provides:

> This section does not require a party to reach an agreement. This section does not require a person to change a position, alter an activity which is a subject of the dispute, or restructure a contract in order to receive a mediation release.

This language shows the mediation meeting is meant to be an attempt to get the parties to *voluntarily* settle their dispute. The goal of mediation is to prompt the parties to explore settlement, not to require them to settle. The central focus is not on executing a binding agreement and hence a power of attorney is not necessary.

In this case the plaintiffs' attorney met all the requirements of a representative at a mediation meeting. He attended, had knowledge of the disputed issues subject to mediation, discussed the issues with Iowa Select, and did so with full authority.

We conclude that a party may be represented by someone at a mediation meeting if the representative meets the requirements of Iowa Code section 654B.8(2)(a). Because the dismissed plaintiffs' representative met those requirements, the judgment of the trial court must be reversed and the case remanded to allow plaintiffs to proceed with their suit.

This conclusion renders other contentions moot.

**REVERSED AND REMANDED.**