**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3484

_____

| | |
|---|---|
| Prudential Insurance Company of America, | * <br> * <br> * |
| Plaintiff-Appellee, | * <br> * |
| v. | * <br> * Appeal from the United States |
| Rand & Reed Powers Partnership, | * District Court for the <br> * Northern District of Iowa <br> * |
| Defendant-Appellant. | * <br> * <br> * |
| _____ | * |
| Iowa Bankers Association, | * <br> * |
| Amicus on Behalf of Appellee. | * <br> * |

_____

Submitted: March 11, 1998
Filed: April 2, 1998

_____

Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON, Circuit Judges, and NANGLE, Senior District Judge.[1]

_____

[1]The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

NANGLE, Senior District Judge.

Appellant Rand & reed Powers Partnership appeals a grant of summary judgment for the appellee, Prudential Insurance Company of America. This appeal involves the application of an uninterpreted Iowa Code section, § 535.9, which prohibits prepayment penalties and charges on a loan used in part for the purchase of agricultural land.[2] Appellant seeks to have this Court find that § 535.9 also prohibits contractual language that forbids the prepayment of a loan. The parties declined to certify the issue to the Iowa Supreme Court.

The full facts and history of the case are outlined in detail in the well-reasoned opinion of the United States District Court for the Northern District of Iowa,[3] and this Court will not restate that history here. The necessary facts are as follows. Rand & Reed Powers Partnership ("Powers Partnership") executed a note and mortgage on August 17, 1992 in favor of Midwest Mortgage and Credit Consultants for a loan in the amount of $262,000.00. The note was then assigned to Prudential Insurance Company of America ("Prudential"). The note included the following in boldface type above the signature lines: **"PAYMENTS IN EXCESS OF THE PAYMENTS PROVIDED FOR IN THIS NOTE ARE NOT PERMITTED."** On January 14, 1994, Powers Partnership informed Prudential that it intended to prepay the balance of the principal and accrued interest on the note. On January 31, 1994, Prudential informed the Powers Partnership that it would not accept prepayment pursuant to the contractual prohibition.

---

[2]The relevant statutory language is "the lender shall not impose any penalty or other charge in addition to the amount of interest due as a result of the repayment of that loan at a date earlier than is required by the terms of the loan agreement." Iowa Code § 535.9.

[3]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

On July 22, 1994, Prudential filed a declaratory judgment action against the Powers Partnership, seeking a declaration of the rights of the parties under the note. Powers Partnership counterclaimed that Prudential violated Iowa Code § 535.9 by refusing to accept prepayment of the loan. On August 7, 1997, the District Court for the Northern District of Iowa granted Prudential's motion for summary judgment and denied Powers Partnership's motion for summary judgment. This appeal ensued.

Powers Partnership argues that a prepayment prohibition is a kind of nonmonetary penalty within the meaning of § 535.9. The district court found that §535.9 prohibits penalties or charges that are additional costs beyond the cost of normal repayment of a loan, and that § 535.9 did not give borrowers an absolute right to prepay agricultural loans. Furthermore, when the Iowa legislature has wanted to create a right to prepay, it has done so explicitly, as when it created a right to prepay residential mortgage loans. See Iowa Code § 533.16 (11). This Court agrees with the district court's analysis; a prepayment bar is not a "penalty" within the meaning of Iowa Code § 535.9

Powers Partnership next argues that the contract is ambiguous, and therefore must be construed against the drafter. In support of this argument, Powers Partnership states that § 535.9 must be "read into" the contract, and that since § 535.9 contemplates prepayment and the contract does not, the contract is ambiguous. The district court correctly found that any possible ambiguity existed in the interpretation of the statute, not in the plain language of the note.

Powers Partnership further argues the common law "perfect tender in time" rule was abrogated by § 535.9, and that "perfect tender in time" no longer applies to mortgages for agricultural land. The district court disagreed, citing the Iowa Supreme Court's reaffirmation of the "perfect tender in time" rule after the enactment of § 535.9. See Lett v. Grummer, 300 N.W.2d 147, 150 (Iowa 1981). Thus, Iowa law reinforces

Prudential's right to insist on Powers Partnership's adhering to the terms to which it agreed.

The parties in this case eschewed certifying to the Iowa Supreme Court the question of whether Iowa Code § 535.9 creates an absolute right to prepayment of agricultural loans. The language of § 535.9 is clear and unambiguous. It is inappropriate for this Court to rewrite the statute as appellant asks this Court to do. Such work is the province of the Iowa legislature, not a federal court.

Accordingly, we affirm the district court's ruling.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT