Dwight and Beverly RUTTER, Henry and Mary Ellen Sonius, Bob and Karla Eberly, Gary Kane, Travis and Heather Rutter, Albert Johnson, Thomas and Suzanne Herrick, Sid and Marge Roskens, and Paul and Lois Benson, Plaintiffs,

v.

CARROLL'S FOODS OF THE MIDWEST, INC., Defendant.

No. C98–4099–MWB.

United States District Court, N.D. Iowa, Western Division.

June 10, 1999.

MEMORANDUM OPINION AND OR-
DER REGARDING DEFEN-
DANT'S MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR
MORE DEFINITE STATEMENT

BENNETT, District Judge.

### TABLE OF CONTENTS

I. BACKGROUND .................................................877

II. LEGAL ANALYSIS ...........................................878
  A. Subject Matter Jurisdiction ............................878
    1. Statutory requirements and exceptions ...............878
    2. Application to the Property Owners...................880
    3. Is the mediation release "jurisdictional"?...........881
  B. Failure To State A Claim .............................883
    1. Applicable standards ...............................883
    2. Are the claims cognizable under Iowa law?...........884
    3. Are the claims adequately pleaded?..................886
  C. More Definite Statement ..............................886

III. CONCLUSION .................................................887

## I. BACKGROUND

Novel claims and issues of statutory interpretation are presented in this dispute over whether a swine nursery and confinement facility in northwestern Iowa threatens an alluvial aquifer and the plaintiff property owners' use and enjoyment of adjacent land. The defendant company has moved to dismiss on a variety of grounds, including failure of some of the plaintiffs to pursue statutorily required mediation of their claims before filing suit; failure of the property owners to plead claims of "anticipatory nuisance" and "anticipatory trespass" upon which relief can be granted; and failure to plead such claims with sufficient definiteness.

The plaintiffs—referred to herein as the "Property Owners," because all assert standing on the basis of ownership of property in Clay County, Iowa, in proximity to the defendant's property—filed this action on October 29, 1998, in Iowa District Court for Clay County against defendant Carroll's Foods of the Midwest, Inc. (CFM), a North Carolina corporation. All live within approximately two miles of a swine nursery and confinement facility that CFM is establishing. The Property Owners contend, inter alia, that CFM's swine facility will be located above a vulnerable alluvial aquifer that will be irremediably damaged by waste from the swine facility. They have therefore asserted claims in this ac-

tion denominated "anticipatory nuisance" and "anticipatory trespass," on which they seek primarily injunctive relief to bar the swine facility from contaminating the aquifer and otherwise damaging surrounding property or the use and enjoyment of that property. The Property Owners also seek damages, costs, and fees associated with the action. CFM removed this action to federal court on November 25, 1998, on the basis of diversity of citizenship.

Just before removing the action, however, on November 23, 1998, CFM filed in the state court a "Combined Motion To Dismiss Pursuant To Iowa Rule Of Civil Procedure 88 For Lack Of Jurisdiction Over The Subject Matter For Certain Claims, For Failure To State A Claim Upon Which Relief Can Be Granted And For More Definite Statement Pursuant To Rule 102." The Property Owners resisted the motion to dismiss in this court on December 10, 1998, and CFM filed a reply on December 23, 1998. The Property Owners subsequently filed an "addendum" to their resistance on March 16, 1999. No party has requested oral arguments on the motion, and the court deems the matter fully submitted and ripe for consideration upon the written submissions.

## II. LEGAL ANALYSIS

### A. Subject Matter Jurisdiction

CFM's first challenge to the complaint is lack of subject matter jurisdiction over the claims of most, but not all, of the Property Owners. CFM asserts that, pursuant to IOWA CODE §§ 657.10 and 654B.3, the Property Owners must attempt mediation of the present dispute, and more importantly obtain a mediation release, as prerequisites to suit, but that only two of the Property Owners, Dwight and Beverly

Rutter, have obtained such a mediation release. The Mediation Release of Dwight and Beverly Rutter is attached to the complaint. Therefore, CFM contends that the claims of the remaining Property Owners must be dismissed for lack of subject matter jurisdiction. The Property Owners counter that compliance with the mediation requirements of the statutes cited by CFM should be excused, because they meet statutory exceptions to the mediation requirements, specifically, because of an unreasonable delay arising from compliance with mediation requirements and because their action could and perhaps should be brought as a class action. CFM argues in reply that the Property Owners did not seek or obtain judicial determination that they fit the statutory exceptions *prior to* filing suit, and CFM expresses doubt that this court has original or diversity jurisdiction to make that determination. Even if it is proper for this court to make the determination of whether a statutory exception to mediation applies, CFM contends the exceptions simply aren't available here. In their "addendum" to their resistance, the Property Owners add a contention that CFM has waived compliance with the statutory mediation requirements.

### 1. Statutory requirements and exceptions [1]

"Iowa Code sections 657.10 and 654B require a party to obtain a mediation release prior to initiating a civil proceeding claiming a nuisance against an entity that is covered by the statutes." *Arends v. Iowa Select Farms, L.P.,* 556 N.W.2d 812, 814 (Iowa 1996). The Iowa legislature has established statutory procedures for resolution of disputes involving "farm residents," such as the Property Owners, and any "other person," such as CFM, in IOWA CODE CH. 654B.[2] "Dispute" is defined for

---

1. This court examined the Iowa rules of statutory interpretation in some detail in *Prudential Ins. Co. of Am. v. Rand & Reed Powers Partnership,* 972 F.Supp. 1194, 1207–10 (N.D.Iowa 1997), *aff'd,* 141 F.3d 834 (8th Cir.1998). The rules identified in this court's decision are in all respects consonant with those articulated by the Iowa Supreme Court, when interpreting parts of the two statutes at

issue here, in *Arends v. Iowa Select Farms, L.P.,* 556 N.W.2d 812, 813–14 (Iowa 1996). The court has applied those rules here.

2. "Farm resident" is defined in this chapter of the Iowa Code as "a person holding an interest in farmland, in fee, under a real estate contract, or under a lease, if the person manages farming operations on the land. A

the purposes of this code chapter to mean the following:

[A] controversy between a person who is a farm resident and another person, which arises from a claim eligible to be resolved in a civil proceeding in law or equity, if the claim relates to either of the following:

a. The performance of either person under a care and feeding contract, if both parties are parties to the contract.

b. An action of one person which is alleged to be a nuisance interfering with the enjoyment of the other person.

Iowa Code § 654B.1(2). The court finds that the present dispute between the Property Owners and CFM appears to fall within subsection (b), because it is "a controversy between a person who is a farm resident [the Property Owners] and another person [CFM], which arises from a claim eligible to be resolved in a civil proceeding in law or equity [that] relates to ... [an] action of one person [CFM] which is alleged to be a nuisance interfering with the enjoyment of the other person [the Property Owners]." No party has argued that Chapter 654B is inapplicable.

Chapter 654B imposes certain mandatory mediation requirements as a prerequisite to suit to resolve "disputes" within the meaning of the chapter. Specifically, Iowa Code § 654B.3 provides, in pertinent part, as follows:

1. A person who is a farm resident, or other party, desiring to initiate a civil proceeding to resolve a dispute, shall file a request for mediation with the farm mediation service. The person shall not begin the proceeding until the person receives a mediation release, or until the court determines after notice and hearing that one of the following applies:

a. The time delay required for the mediation would cause the person to suffer irreparable harm.

b. The dispute involves a claim which has been brought as a class action.

Iowa Code § 654B.3(1). Thus, the statute requires a plaintiff "desiring to initiate a civil proceeding to resolve a dispute" within the scope of chapter 654B to take certain steps before bringing suit: (1) the plaintiff must "file a request for mediation," and (2) the plaintiff cannot file the action itself until either (a) the plaintiff obtains a mediation release, or (b) a court determines, "after notice and hearing," that the dispute falls within one of the two statutory exceptions to the mediation requirement. Cf. Arends, 556 N.W.2d at 814 ("Neither of the two exceptions listed in 654B.3(1)(a) or (b) apply [sic] to this case either. So if, as the trial court ruled, chapter 654B applies in this case, the dismissed plaintiffs could not bring the nuisance action without first obtaining mediation releases.").

Similarly, Iowa Code Ch. 657 "defines nuisance and provides for civil remedies." Bormann v. Bd. of Supervisors for Kossuth County, 584 N.W.2d 309, 314 (Iowa 1998), cert. denied sub nom. Girres v. Bormann, —— U.S. ——, 119 S.Ct. 1096, 143 L.Ed.2d 96 (1999). Section 657.1 defines a nuisance as "[w]hatever is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to unreasonably interfere with the comfortable enjoyment of life or property." Iowa Code § 657.1; see also § 657.2 (identifying specific nuisances). Furthermore, this statute provides that "a civil action by ordinary proceedings may be brought to enjoin and abate the [nuisance] and to recover damages sustained on account thereof." Iowa Code § 657.1 Again, however, there is a prerequisite of mediation before such a suit may be brought if the

---

farm resident includes a natural person, or any corporation, trust, or limited partnership as defined in section 9H.1." Iowa Code § 654B.1(5). The "other person" with whom the "farm resident" must have a "dispute" to fall within the chapter is defined as "any person having a dispute with a farm resident." Iowa Code § 654B.1(8). The Iowa Supreme Court has interpreted "other person" within the meaning of Iowa Code Ch. 654B to include business entities such as CFM. See Arends, 556 N.W.2d at 815.

*dispute is also subject to* IOWA CODE CH. *654B:*

Notwithstanding this chapter, a person, required under chapter 654B to participate in mediation, shall not begin a proceeding subject to this chapter until the person receives a mediation release under section 654B.8, or until the court determines after notice and hearing that one of the following applies:

1. The time delay required for the mediation would cause the person to suffer irreparable harm.

2. The dispute involves a claim which should be resolved as a class action.

IOWA CODE § 657.10. Thus, IOWA CODE CH. 657 incorporates essentially the same mediation requirements and exceptions as chapter 654B for actions to abate a nuisance involving a farm resident.[3]

### 2. *Application to the Property Owners*

The parties agree that, of the Property Owners, only Dwight and Beverly Rutter have obtained a mediation release, and that release appears as an exhibit to the complaint. Therefore, Dwight and Beverly Rutter have fulfilled the prerequisite of obtaining a mediation release under both IOWA CODE § 654B.3 and IOWA CODE § 657.10, and consequently may proceed with their claims in this civil action. *See* IOWA CODE § 654B.3; IOWA CODE § 657.10; *Arends,* 556 N.W.2d at 814 (these code

sections "require a party to obtain a mediation release prior to initiating a civil proceeding claiming a nuisance against an entity that is covered by the statutes"). As to the remaining Property Owners, however, none has sought to amend the complaint to add an allegation that a mediation release has been obtained, or to add such a release as an additional exhibit, in the several months since CFM's motion to dismiss was filed. Thus, none of the other Property Owners has fulfilled the prerequisite of obtaining a mediation release before pursuing this action. *See* IOWA CODE § 654.3; IOWA CODE § 657.10; *Arends,* 556 N.W.2d at 814.

Nor can this court now determine whether either of the exceptions to the mediation release requirement—as stated in either IOWA CODE § 654.3(1)(a) and (b) or IOWA CODE § 657.10(1) and (2)—is present here for the Property Owners other than Dwight and Beverly Rutter, because the question is not on the proper procedural footing. The Property Owners have not requested, by any motion, that the court determine, after "notice and hearing," whether an exception to the mediation release requirement may apply. IOWA CODE § 654.3 (applicability of an exception must be determined by a court after "notice and hearing"); IOWA CODE § 657.10 (same). More specifically, there is no motion by the Property Owners asking the court to

---

**3.** There is a difference, however, in the way the second exception to the mediation requirement is stated in the two chapters of the code. While IOWA CODE § 654B.3(1)(b) states the second exception to be that a court has determined, "after notice and hearing," that "[t]he dispute involves a claim which *has been brought* as a class action," IOWA CODE § 657.10(2) states the exception to be that a court has determined, "after notice and hearing," that "[t]he dispute involves a claim which *should be resolved* as a class action." Although the court has found no explanation for the difference, it appears to the court that the distinction may be the following: To fit within the exception stated in IOWA CODE § 654B.3(1)(b), a court need only determine that the case "has been brought," *i.e., filed,* as a class action, but the court need not determine that a class action is proper or certify

the class, *see, e.g., Riter v. Keokuk Electro–Metals Co.,* 248 Iowa 710, 715, 82 N.W.2d 151, 154 (1957) (an action pursuant to IOWA CODE CH. 657 that was "brought as a class action . . . was merely an invitation to others in the class to intervene in the case"); however, to fit within the exception stated in IOWA CODE § 657.10, it appears that a court would be required to determine the propriety of bringing the action as a class action, *i.e.,* certify the class, because the court must determine that the action "should be resolved" as a class action. However, this court need not determine the nature of the second exception under either statutory formulation, because the question of whether or not an exception applies in this case is not properly before this court, as will be explained more fully in the body of this decision.

determine, after notice and hearing, that the time delay required for the mediation would cause the Property Owners to suffer irreparable harm, IOWA CODE § 654.3(1)(a); IOWA CODE § 657.10(1), nor is there a motion requesting certification of a class or otherwise requesting a determination, after notice and hearing, that the action either "has been brought" or "should be resolved" as a class action. IOWA CODE § 654.3(1)(b); IOWA CODE § 657.10(2). Indeed, there is no indication whatsoever in the complaint that it is conceived to be or contemplated as a class action. The Property Owners' assertion in resistance to CFM's motion to dismiss that an exception to the mediation release requirement may exist is insufficient to meet the statutory requirements for an exception, not least because the Property Owners have never requested a hearing on CFM's motion to dismiss.

■ The Property Owners, however, argue in their "addendum" to their resistance, filed months after their original resistance, that CFM has now waived adherence to the mediation release requirement. The Property Owners assert that, in the Scheduling Order and Discovery Plan jointly filed by the parties on March 1, 1999, CFM agreed not to pursue "private mediation." The Property Owners argue that waiver of mediation is contemplated by IOWA CODE § 654B.3(3), because that provision states, in pertinent part, that "[u]nless mediation is waived by the parties to the dispute, the parties shall file with the farm mediation service information required by the service to conduct mediation." IOWA CODE § 654B.3(3).

The court agrees that waiver of mediation is contemplated by IOWA CODE CH. 654B, but finds that the Property Owners have overlooked the exclusive manner in which the mandatory mediation procedures of IOWA CODE § 654B.3 can be waived. IOWA CODE § 654B.3(2) specifies when and how mediation under IOWA CODE CH. 654B can be waived. That provision provides that "[m]ediation may be waived *after the initial consultation,* if the parties agree." IOWA CODE § 654B.3(2) (emphasis added). The "initial consultation," however, occurs "[u]pon receipt of the request for mediation" and is "conduct[ed] . . . with each party to the dispute privately." *Id.* Similarly, it appears that the parties may waive mediation at the "initial mediation meeting," which also follows the "initial consultation." IOWA CODE § 654B.8(2)(a) & (4). Thus, as the court reads the statute, a waiver of mediation may only occur *after* the initial consultation, only upon agreement of the parties, *id.*, and consequently, may occur only after the plaintiff files a request for mediation in the first place, because such a request for mediation is the catalyst for the initial consultation. *See* IOWA CODE § 654B.3(1). In the absence of the required request for mediation, *see* IOWA CODE § 654B.3(1), there can be no waiver of mandatory mediation. In other words, mandatory mediation cannot be waived before it is requested, and the onus is on the party desiring to initiate a civil action to request mediation first, then obtain a waiver. *See id.* Other provisions of chapter 654B referring to waiver are not to the contrary. *See, e.g.,* IOWA CODE § 654B.4(1).

Thus, the Property Owners, with the exception of Dwight and Beverly Rutter, have failed to fulfill the prerequisite to filing this suit and the court cannot determine at this time whether there is an exception to the mediation release requirement that is applicable here, because that question is not properly before the court. The next question before the court, however, is whether the mediation release requirement is in fact "jurisdictional," or merely a condition precedent to suit, and hence whether failure to obtain such a release requires dismissal for lack of subject matter jurisdiction, as CFM contends.

### 3. Is the mediation release "jurisdictional"?

■ This court cannot find any decision of any Iowa appellate court passing on the

question of whether obtaining a mediation release under either IOWA CODE CH. 657 or IOWA CODE CH. 654B is a "jurisdictional" requirement affecting the claimant's standing to pursue a civil action or the court's subject matter jurisdiction over such an action, or merely a condition precedent to suit. Nor can the court find any federal court that has passed on the question. Indeed, the court can find no court of any jurisdiction that has passed on the question of whether obtaining a mediation release, required by statute, is a jurisdictional prerequisite or merely a condition precedent to suit that may be curable once suit is filed.

■ In this vacuum of authority, this court must "predict, as best [it] can, how that [state's high] court would decide the issue[s]." *Brandenburg v. Allstate Ins. Co.,* 23 F.3d 1438, 1440 (8th Cir.1994).[4] The court seeks guidance in analogous state court decisions, persuasive adjudications by courts of sister states or other jurisdictions, learned treatises, and public policy considerations identified in state decisional law. *See Lindsay Mfg. Co. v. Hartford Accident & Indem. Co.,* 118 F.3d 1263, 1267 (8th Cir.1997); *In re Bargfrede,* 117 F.3d 1078, 1080 (8th Cir.1997); *Ventura v. Titan Sports, Inc.,* 65 F.3d 725, 729 (8th Cir.1995), *cert. denied,* 516 U.S. 1174, 116 S.Ct. 1268, 134 L.Ed.2d 215 (1996); *B.B. v. Continental Ins. Co.,* 8 F.3d 1288, 1291 (8th Cir.1993).

The court notes that the Eighth Circuit Court of Appeals has frequently held an analogous requirement—an admittedly *roughly* analogous requirement—that a plaintiff first obtain a right-to-sue letter from the EEOC or appropriate agency before pursuing a civil suit alleging employment discrimination in violation of Title VII was only a "condition precedent" to

suit, not a "jurisdictional prerequisite," and hence could be cured *after* suit was filed. *See Whitmore v. O'Connor Mgmt., Inc.,* 156 F.3d 796, 800 (8th Cir.1998) (holding, by analogy to Title VII cases, that the Missouri courts would consider a right-to-sue letter as a condition precedent, not a jurisdictional prerequisite, to suit under the Missouri Human Rights Act (MHRA), and the absence of such a letter, as in Title VII cases, was a defect curable after suit was filed); *Jones v. American State Bank,* 857 F.2d 494, 499–500 (8th Cir.1988) (the receipt of a right-to-sue notice is not a jurisdictional prerequisite, but rather is a condition precedent to filing a Title VII claim, curable after the action has commenced); *see also Kane v. Iowa Dep't of Human Servs.,* 955 F.Supp. 1117, 1136 (N.D.Iowa 1997) (noting that filing suit under Title VII prior to obtaining a right-to-sue letter is a curable defect, not one requiring dismissal). The court notes, in aid of the analogy, that one of the reasons for the administrative exhaustion requirement under Title VII is to allow the EEOC or other agency to attempt mediation of the dispute before suit is brought. 42 U.S.C. § 2000e–5(b). Although the Iowa Supreme Court, in *Swanger v. Iowa,* 445 N.W.2d 344 (Iowa 1989), required strict adherence to administrative procedures stated in IOWA CODE CH. 25A prior to filing a tort claim against the state as a jurisdictional matter, that decision was founded on the fact that the state only consents to waive its immunity to suit—a jurisdictional matter—if the requirements of the Iowa Tort Claims Act have been met. *See Swanger,* 445 N.W.2d at 346–47.

Therefore, by analogy to comparable cases, the court concludes that obtaining a mediation release under IOWA CODE CH. 657 or IOWA CODE CH. 654B is a "condition

---

4. The court's preference, under most circumstances, would be to certify to the Iowa Supreme Court the question of whether it would recognize a claim of "anticipated" or "anticipatory" trespass in the circumstances alleged. *See* N.D. IA. L.R. 83.4; IOWA CODE § 684A.1. However, none of the parties has asked the court to certify the question and, in the con-

text of an action for injunctive relief to prevent a facility from becoming a nuisance or causing a trespass, there seems to be little time to await an answer to a certified question. Therefore, the court will attempt to predict the Iowa Supreme Court's answer to the question of the viability of this claim.

precedent" to suit, not a jurisdictional prerequisite. As such, the defect of failing to obtain such a release does not affect the claimant's standing or the subject matter jurisdiction of the court, but is instead curable after suit has been filed. However, the party subject to the defect should pursue curing the defect with all expeditiousness, because failure to cure the defect may justify dismissal. *See Whitmore,* 156 F.3d at 800–01 (although failure to obtain an right-to-sue letter before commencing suit under the MHRA was only a defect in a condition precedent to suit, not a jurisdictional flaw, the plaintiff's failure to make any attempt to obtain such a right-to-sue letter during the pendency of her suit and appeal justified affirmance of the trial court's dismissal of her MHRA claim). The court notes that the Property Owners other than Dwight and Beverly Rutter apparently have taken no steps to obtain mediation releases in the months since CFM challenged their "standing" to pursue their claims on the ground that they lacked such releases. Thus, the additional time the court will allow these parties to attempt to cure the defect in the conditions precedent to their suits will necessarily be brief.

Therefore, CFM's motion to dismiss the claims of the Property Owners other than Dwight and Beverly Rutter for failure to obtain mediation releases will be denied, and those Property Owners will be given a brief period to cure the defects in the conditions precedent to their claims. This case will be stayed as to those Property Owners during the period they are attempting to cure the defect.

### B. Failure To State A Claim

CFM next asserts that, even if some of the Property Owners have "standing" to pursue this litigation, the two counts of the complaint fail to state claims upon which relief can be granted. CFM contends, first, that there is no such thing as a claim for "anticipatory nuisance" or "anticipatory trespass" in Iowa. It contends that the

Property Owners' allegations fall short of alleging the nearest cognizable "nuisance" claim, a claim for "anticipated nuisance," because the Property Owners have failed to allege that there will "clearly" be a nuisance from construction of the swine facility. CFM also contends that "anticipated trespass" has been asserted in Iowa cases as an item of additional damages, not as a separate claim, but that the Iowa Supreme Court has rejected such damages claims. The Property Owners resist dismissal on the ground that CFM's first argument, over the proper denomination of the claim, is pointless semantic jousting, when it is clear that Iowa has recognized "anticipated nuisance" claims that fit their allegations.[5] They assert further that both "nuisance" and "trespass" theories will lie, because they have alleged proper circumstances. CFM reiterates in its reply that the Property Owners have cited no basis in law for an anticipatory trespass action.

### 1. Applicable standards

In considering a motion to dismiss for failure to state a claim, now subject to FED. R. CIV. P. 12(b)(6) upon removal, the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *St. Croix Waterway Ass'n v. Meyer,* 178 F.3d 515, 518 (8th Cir.1999). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A motion to dismiss for failure to state a claim upon which relief can be granted should therefore be sustained " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d

---

5. Indeed, the Property Owners trace the claim back to English common law and cite various authorities denominating the claim as "anticipatory nuisance."

59 (1984)); *accord Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

### 2. Are the claims cognizable under Iowa law?

The court finds CFM's "semantic" argument that Iowa has never recognized a claim for "anticipatory" nuisance or trespass, only "anticipated" nuisance, to be frivolous. The issue is not how the claim is denominated, but whether " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Handeen,* 112 F.3d at 1347 (quoting *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229). Furthermore, other authorities considering claims founded on allegations similar to the Property Owners' have indeed denominated such claims as "anticipatory nuisance" or "anticipatory trespass." *See, e.g., Kernen v. Homestead Dev. Co.,* 232 Mich.App. 503, 591 N.W.2d 369, 372 (1999) ("anticipatory trespass" claim concerning flow of waste water onto property of adjoining riparian owner); *Omega Chem. Co., Inc. v. United Seeds, Inc.,* 252 Neb. 137, 560 N.W.2d 820, 827 (1997) ("snow-load effect" of adjacent buildings gave rise to a claim of "anticipatory nuisance"); *Sharp v. 251st Street Landfill, Inc.,* 925 P.2d 546, 548 (Okla. 1996) ("anticipatory nuisance" claim by property owner for injunctive relief from construction of a landfill); *State ex rel. Village of Los Ranchos de Albuquerque v. City of Albuquerque,* 119 N.M. 150, 889 P.2d 185, 189 (1994) ("anticipatory nuisance" action against city to enjoin proposed construction of a bridge). As a matter of semantics, it is the claim for relief that is "anticipatory" of the nuisance or trespass, while the nuisance or trespass is "anticipated," but not yet occurring. *See, e.g.,* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (10th ed., 1995).

■ "Anticipated nuisance" is clearly a cognizable claim or ground for injunctive relief under Iowa law, albeit one that has not had much recent consideration by Iowa appellate courts: Under Iowa law, a threatened or anticipated nuisance can be enjoined under proper circumstances. *See*

*Livingston v. Davis,* 243 Iowa 21, 31, 50 N.W.2d 592, 599 (1951); *Amdor v. Cooney,* 241 Iowa 777, 784, 43 N.W.2d 136, 141 (1950). Some decades ago, the Iowa Supreme Court, however, explained the limitations on such a claim:

> An anticipated nuisance will not be enjoined unless it clearly appears a nuisance will necessarily result from the act (here the attendance of more than 50 children) it is sought to enjoin. Relief will usually be denied until a nuisance has been committed where the thing sought to be enjoined may or may not become such, depending on its use or other circumstances. *Amdor v. Cooney,* 241 Iowa 777, 784, 43 N.W.2d 136, 141, and citations.

*Livingston,* 243 Iowa at 31, 50 N.W.2d at 599; *Funnell v. City of Clear Lake,* 239 Iowa 135, 141, 30 N.W.2d 722, 725 (1948) ("[W]here an injunction is sought on the ground of an anticipated nuisance, we look at the surrounding property, and consider its actual use."); *see also Hazlett v. Marland Refining Co. of Ponca City,* 30 F.2d 808, 809 (8th Cir.1929) ("Equity will not grant an injunction to prevent an anticipated nuisance, unless it clearly appears that such nuisance will result from the contemplated act or thing sought to be enjoined.") (applying Kansas law). A nuisance, once again, is defined by statute as "[w]hatever is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to unreasonably interfere with the comfortable enjoyment of life or property." IOWA CODE § 657.1. Thus, logically, an "anticipated" nuisance would be whatever threatens to fulfill the statutory definition, if it were to come to fruition.

■ CFM is correct that the Iowa Supreme Court has rejected damages awards for "anticipated trespass," *see Kukkuk v. City of Des Moines,* 193 Iowa 444, 187 N.W. 209, 212 (1922) ("We held also that there was no authority for assessing damages for an anticipated trespass."); *Doud v. Mason City & F.D.R. Co.,* 76 Iowa 438,

41 N.W. 65, 67 (1888) ("There would be no authority for assessing damages for an anticipated trespass before the construction of the road, and the damages contemplated by the law are the same whether assessed before or after the road is built, excepting that in the latter case interest may be allowed."), but these decisions say nothing whatever about whether a claim for injunctive relief for "anticipated trespass" is cognizable under Iowa law.

Thus, the question of whether a claim for injunctive relief for "anticipated trespass" is cognizable under Iowa law is one of first impression. In these circumstances, the court must once again attempt to predict how the Iowa Supreme Court would decide the issue. *See supra,* p. 11.

The Iowa Supreme Court recently distinguished between the concepts of "private nuisance" and "trespass" in *Bormann v. Bd. of Supervisors for Kossuth County,* 584 N.W.2d 309, 315 (Iowa 1998):

> We made this distinction in *Ryan v. City of Emmetsburg:*
>
>> As distinguished from trespass, which is an actionable invasion of interests in the exclusive possession of land, a private nuisance is an actionable invasion of interests in the use and enjoyment of land. Trespass comprehends an actual physical invasion by tangible matter. An invasion which constitutes a nuisance is usually by intangible substances, such as noises or odors.
>>
>> 232 Iowa 600, 603, 4 N.W.2d 435, 439 (1942).

*Bormann,* 584 N.W.2d at 315. This definition of nuisance and trespass distinguishes the two on the nature of the invasion of property only—either by tangible matter (trespass) or intangible substances (nuisance)—but the claims for nuisance and trespass would appear to be otherwise closely analogous. The Iowa Supreme Court has previously recognized a claim for "anticipated nuisance," *see Livingston,* 243 Iowa at 31, 50 N.W.2d at 599; *Amdor,* 241 Iowa at 784, 43 N.W.2d at 141; *Funnell,* 239 Iowa at 141, 30 N.W.2d at 725,

and the appellate court of a sister state has recently entertained a comparable claim of "anticipated" or "anticipatory" trespass. *See Kernen v. Homestead Dev. Co.,* 232 Mich.App. 503, 591 N.W.2d 369, 372 (1999) ("anticipatory trespass" claim for injunctive relief, but not damages, concerning flow of waste water onto property of adjoining riparian owner, should have been considered by trial court). Claims for "anticipated" or "anticipatory" trespass would also seem to be supported by learned authorities in their discussion of *quia temet* actions. *See, e.g.,* PROSSER & KEATON ON THE LAW OF TORTS (5th ed., 1984), §§ 88–89. In light of these precedents and authorities, this court can find no intellectually sound basis for precluding a claim for injunctive relief for an "anticipated trespass" under Iowa law. However, like a claim for "anticipated nuisance," a claim for "anticipated trespass" should also be limited: For such a claim to succeed, it must clearly appear a trespass—that is, an actual physical invasion of property by tangible matter, as opposed to a "nuisance" invasion by intangible substances, such as noises or odors—will necessarily result from the act that is sought to be enjoined. *Cf. Livingston,* 243 Iowa at 31, 50 N.W.2d at 599; *see also Bormann,* 584 N.W.2d at 315 (distinguishing between "nuisance" and "trespass" on the basis of the nature of the invasion of the property).

■ Thus, the court concludes that both "anticipated" (or "anticipatory") nuisance and "anticipated" (or "anticipatory") trespass claims for injunctive relief are cognizable under Iowa law. However, the court can find no Iowa authority for a claim for damages for an "anticipated" nuisance, *see Livingston,* 243 Iowa at 31, 50 N.W.2d at 599 (discussing only injunctive relief on a claim of "anticipated nuisance"), and the Iowa Supreme Court has specifically rejected an award of damages for an anticipated trespass. *See Kukkuk,* 193 Iowa

444, 187 N.W. at 212; *Doud,* 76 Iowa 438, 41 N.W. at 67.

### 3. Are the claims adequately pleaded?

However, even if their claims are cognizable under Iowa law, the question remains whether the Property Owners have stated such claims upon which relief can be granted. Apart from a contention that damages are not available on such claims, CFM asserts that the Property Owners have failed to plead that the anticipated nuisance or trespass will "clearly" or "necessarily" occur, and hence no claim has been stated. The short answer to this contention is that CFM has confused the standard of proof on the claim with the standard for pleading it.

■ As the court observed above, no injunctive relief on an "anticipated" nuisance or trespass claim can be granted "unless it clearly appears a nuisance will necessarily result from the act ... it is sought to enjoin." *Livingston,* 243 Iowa at 31, 50 N.W.2d at 599. There can be no relief if the "thing sought to be enjoined may or may not become such, depending on its use or other circumstances." *Id.; Amdor,* 241 Iowa at 784, 43 N.W.2d at 141. The determination of whether a nuisance will "clearly" and "necessarily" result is determined by "look[ing] at the surrounding property, and consider[ing] its actual use." *Funnell,* 239 Iowa at 141, 30 N.W.2d at 725.

[9] However, the question on a motion to dismiss is whether " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Handeen,* 112 F.3d at 1347 (quoting *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229). That is not the situation here. The allegations of the complaint are instead sufficient that injunctive relief could be granted upon proof of facts consistent with the allegations. The complaint alleges a basis for a determination, *Handeen,* 112 F.3d at 1347, that a nuisance—invasion by intangible substances, such as noises or odors, *Bormann,* 584 N.W.2d at 315—will

"necessarily" result from construction of a swine facility of the anticipated size in its present location, *see Funnell,* 239 Iowa at 141, 30 N.W.2d at 725 (whether a nuisance will "clearly" and "necessarily" result is determined by "look[ing] at the surrounding property, and consider[ing] its actual use"), and that a trespass—actual physical invasion by tangible matter, *Bormann,* 584 N.W.2d at 315, such as manure contamination of a shared alluvial aquifer—will "necessarily" result from construction of a swine facility of the anticipated size in its present location. The Property Owners are not required to recite the precise words that mirror the standard of proof in order to state a claim upon which relief can be granted.

Therefore, CFM's motion to dismiss for failure to state a claim upon which relief can be granted must be denied as to claims for injunctive relief for "anticipated" or "anticipatory" nuisance and trespass, although the motion must be granted as to prayers for damages on such claims. Damages are only available if the "anticipated" trespass or nuisance ripens into an actual nuisance. *See* IOWA CODE § 657.1 (authorizing actions for injunctive relief and damages to abate and compensate for an actual nuisance).

### C. More Definite Statement

■ Finally, CFM asserts that it is entitled to a more definite statement of the claims in the Property Owners' complaint. Here, CFM reasserts its contention that the Property Owners are required to plead that it "clearly" and "necessarily" appears that a nuisance or trespass will result, and if they are unwilling to do so, their claims should be dismissed. The Property Owners argue that CFM has all the notice it requires to frame a response to the claims as stated.

This court recently reviewed the standards in FED. R. CIV. P. 12(e) for a motion for more definite statement in *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.,* 23 F.Supp.2d 974 (N.D.Iowa 1998):

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

FED. R. CIV. P. 12(e). Commentators state that "[t]he situations in which a Rule 12(e) motion is appropriate are very limited." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (1990). Furthermore, "[a]bsent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth the statutes or judicial decisions upon which he intends to rely." *Id.* However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

*Dethmers Mfg. Co., Inc.*, 23 F.Supp.2d at 1007–08.

The court finds that this is not one of the "very limited" situations in which granting a Rule 12(e) motion for more definite statement would be appropriate. *See id.* (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (1990)). Plainly, the claims in the Property Owners' complaint are not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). CFM itself was able to identify the body of Iowa law upon which the claims were based and to identify the elements of such claims. CFM, however, asserts that FED. R. CIV. P. 8 "requires a pleading to contain allegations of each element of the claim [and that] [i]f it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate," citing 2 MOORE'S FEDERAL PRACTICE ¶ 12.36[1] (3d ed.1997). However, even this authority does not require, as CFM asserts, that the Property Owners plead verbatim that the anticipated nuisance or trespass will "clearly" result. Rather, as the court observed in the preceding section, the complaint *does* contain allegations satisfying the element that a nuisance or trespass will "clearly" or "necessarily" result, because it presents allegations providing a basis for a determination that a nuisance or trespass will "clearly" or "necessarily" result from construction of a swine facility of the anticipated size in its present location. Again, the court concludes that the Property Owners are not required to plead verbatim the standard of proof for their claims as an allegation of an essential element of a claim; rather, they must plead allegations that, if proved, would satisfy each element of their claims. CFM's motion for more definite statement once again attempts to elevate form over substance, and will be denied.

### III. CONCLUSION

The court concludes that the Property Owners other than Dwight and Beverly Rutter have neither obtained a mediation release as required by IOWA CODE §§ 654B.3 and 657.10, nor properly presented this or any other court with the question of whether they fall within an exception to the mediation requirement. However, the court concludes that this failing is in the nature of failure to fulfill a condition precedent to suit, not failure to meet a jurisdictional prerequisite to suit. As such, the defect is curable. CFM's motion to dismiss the claims of all Property Owners except Dwight and Beverly Rutter for lack of subject matter jurisdiction is therefore denied. However, the

Property Owners other than Dwight and Beverly Rutter shall have ninety (90) days within which to cure the defect by obtaining a mediation release as required by Iowa Code §§ 654B.3 and 657.10 or establishing pursuant to these statutes that mediation is not required. This case is hereby stayed as to these Property Owners during the period they are attempting to cure the defect.

CFM's motion to dismiss the Property Owners' claims for failure to state a claim upon which relief can be granted is granted to the extent that damages are not available on claims of "anticipated" (or "anticipatory") nuisance or trespass, but otherwise denied, as such claims for injunctive relief are cognizable under Iowa law and have been sufficiently pleaded to state claims upon which relief can be granted. Finally, CFM's motion for more definite statement is denied, because the claims are sufficiently definite for CFM to frame a response and the Property Owners are not required to plead verbatim the standard of proof for their claims as an allegation of an essential element of the claims.

IT IS SO ORDERED.