# IN THE COURT OF APPEALS OF IOWA

No. 18-0820
Filed June 19, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ARTHUR JAMES MOLLO III,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Wright County, Paul B. Ahlers (plea)

and Kim M. Riley (sentencing), District Associate Judges.


　　　　Arthur Mollo III appeals from judgment and sentence entered upon his guilty

plea.  **AFFIRMED.**



　　　　Dylan J. Thomas, Mason City, for appellant.

　　　　Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.



　　　　Considered by Vogel, C.J., Bower, J., and Danilson, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

Arthur Mollo III appeals from judgment and sentence entered upon his guilty plea to identity theft, contending counsel was ineffective in allowing the plea where there was no factual basis that the victim was a "person" and in failing to object to the court's consideration of risk assessment tests in sentencing. He also asserts the court considered an improper factor when imposing sentence.

In order to prevail on a claim of ineffective assistance of counsel, Mollo must prove by a preponderance of the evidence that counsel breached an essential duty and prejudice resulted. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If "a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Id.* In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

The minutes of testimony show the following: Alesha Sigmeth Roberts is a licensed attorney in Clarion and the proprietor of Sigmeth Roberts Law, PLC. In 2016, Sigmeth Roberts represented Mollo. During her representation, Mollo came into her office for appointments and she sent him correspondence through the mail.

In February of 2017, Sigmeth Roberts received her bank statement from First Citizens Bank in Clarion for her law firm's business account. The bank statement showed three checks that appeared suspicious. Sigmeth Roberts checked her records against the bank statement and reported the questionable transactions to First Citizens Bank and to law enforcement.

Sigmeth Roberts obtained copies of the three questionable checks; the numbers on the checks did not match the check numbers for Sigmeth Roberts's firm's checking account. Check number 3567 was written to "Arthur James Mollo" in the amount of $477.94. Check number 10359 was written to "Jill Kelly" in the amount of $491.94. Check number 10354 was written to "Charis Bodady" in the amount of $477.94. The account holder on all three checks was "Bio Tronics Security Systems." All three checks were cashed at a Hy-Vee grocery store in Ames.

Police obtained video surveillance from Hy-Vee at the times the checks were cashed. Sigmeth Roberts watched the video and identified Mollo as one of the three people who cashed the checks. Sigmeth Roberts did not give Mollo, Kelly, or Bodady permission to use her checking account information or permission to withdraw money from her firm's checking account.

Mollo was charged with identify theft, conspiracy, and being a habitual offender. Pursuant to a plea agreement, Mollo pled guilty to the charge of identity theft with no habitual-offender enhancement and the State agreed to dismiss the conspiracy charge. At the plea hearing, the following factual basis was provided:

> THE DEFENDANT: I used the account number of Alesha Sigmeth Roberts' law firm to fraudulently acquire money.
> THE COURT: Okay. And so you used a checking account number associated with an account belonging to Alesha Sigmeth Roberts or her law firm?
> THE DEFENDANT: Right.
> THE COURT: And you acknowledge that checking account number fits the definition of identification information in the Iowa Code?
> THE DEFENDANT: Yes.
> THE COURT: Okay. And you acknowledge that you fraudulently used that identification information consisting of the checking account number from Ms. Sigmeth Roberts' or her law

firm's checking account with the intent to obtain money from the use of that bank account number; is that right?

     THE DEFENDANT: Yes.

     THE COURT: And do you acknowledge that Ms. Sigmeth Roberts was a victim of that crime or her law firm?

     THE DEFENDANT: Yes, her law firm.

Mollo later admitted he "cashed the check, but I guess I helped the people cash the other two checks" in an amount more than $1000.

Under Iowa Code section 715A.8(2) (2017), a person commits identity theft if: "the person fraudulently uses or attempts to use identification information of *another person*, with the intent to obtain credit, property, services, or other benefit." Iowa Code § 715A.8(2) (emphasis added). "Identification information" includes but is not limited to:

> the name, address, date of birth, telephone number, driver's license number, nonoperator's identification card number, social security number, student identification number, military identification number, alien identification or citizenship status number, employer identification number, signature, electronic mail signature, electronic identifier or screen name, biometric identifier, genetic identification information, access device, logo, symbol, trademark, place of employment, employee identification number, parent's legal surname prior to marriage, demand deposit account number, *savings or checking account number,* or credit card number of a person.

*Id.* § 715A.8(1)(a) (emphasis added).

On appeal, Mollo contends the "identification information" used was that of Sigmeth Roberts Law, PLC, which does not, as described in the minutes and at hearings, meet the definition of "another person" for purposes section 715A.8(2). We reject his claim and conclude counsel breached no duty in allowing the plea to proceed.

As noted by Mollo, the word "person" is not defined in chapter 715A. But a "person" is defined in section 4.1(20):

> Unless other provided by law, "person" means individual, corporation, limited liability company, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, or any other legal entity.

Because chapter 715A does not provide a different definition for "person," the term is not "otherwise provided by law." It follows that the term "another person" in section 715A.8(2) should be interpreted to include business entities. *See Arends v. Iowa Select Farms, L.P.*, 556 N.W.2d 812, 815 (Iowa 1996) (applying Iowa Code section 4.1 where a statute did not define "person" and interpreting "person" to include a business entity). Accordingly, we conclude the defendant's statements during the plea proceedings along with the minutes of testimony provide a sufficient factual basis for the plea.

Mollo next asserts the sentencing court violated his due process rights by considering and relying on the Iowa Risk Revised Assessment (IRR) in sentencing him. Mollo did not object to the inclusion of the IRR in his presentencing report. Because Mollo did not raise this issue in the district court, we cannot reach it on direct appeal. *See State v. Headley*, 926 N.W.2d 545, 551-52 (Iowa 2019). He also faults his attorney for not objecting to the use of the risk-assessment tool at sentencing. We preserve that claim for development in possible postconviction-relief proceedings. *See id.*

Finally, Mollo contends the court considered an improper factor in considering the IRR when imposing sentence as it was part of the presentence investigator's recommendation. The consideration of an improper factor

constitutes an abuse of the court's sentencing discretion. *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). Absent any objection to the information in the presentence investigation report, the sentencing judge cannot be said to have abused his or her discretion. The court's reliance upon the information was neither misapplied nor unexpected. *See Headley*, 926 N.W.2d at 552

We affirm the conviction and sentence.

**AFFIRMED.**